### IMPRISONMENT FOR CONTEMPT..

Court of Appeals for Hamilton County.

In re David Fusfeld; In re David Ostend; and In re Nathan Carl.

Decided, June 1, 1914.

*Contempt—Habeas Corpus Does Not Lie for Release of One Committed for Unless.*

Habeas corpus does not lie for the release of a prisoner who has been committed for contempt of court, where the court has jurisdiction and punishment by commitment is authorized.

*Louis Katz* and *Snyder & Dickerson*, for petitioners.
*Miller & Foster*, contra.

By the Court (Jones, E. H., J., and Jones, O. B., J., concur; Swing, J., not sitting).

The three parties named in the caption above have severally applied to this court for a writ of habeas corpus asking that the same issue against Charles C. Cooper, sheriff of Hamilton county, commanding him to discharge them from custody. They are each under sentence by the superior court for violation of an order of that court enjoining them from interfering in various and specific ways with the business of the Fulworth Garment Company by which they had been employed.

A writ of habeas corpus can not be used to perform the office of a writ of error. This well known principle of law is clearly stated in *Ex parte Shaw*, 7 O. S., 81, as follows:

"A habeas corpus can not be used as a summary process to review or revise errors or irregularities in the sentence of a court of competent jurisdiction. Imprisonment under a sentence can not be unlawful, unless the sentence is an absolute nullity. If clearly unauthorized and void, relief from imprisonment may be obtained by habeas corpus; if avoidable, a writ of error is the appropriate remedy."

See also, *In re Swain*, 150 U. S., 637; *U. S.* v. *Pudgeon*, 153 U. S., 48.

The return of the sheriff shows the authority under which the prisoners are being held. It is contended by counsel for petitioners that the return is insufficient; for, while the jurisdiction of the court which imposed the sentence is conceded, it is argued that it exceeded its authority with respect to the extent of the punishment fixed. In support of this contention it is claimed that the court acted under authority of Section 12142, General Code, in imposing the sentence, when in fact the penalty for the breach of an order of injunction is fixed by Section 11888, General Code.

There is nothing in the return or in the record of proceedings in the superior court as shown by the affidavits and papers filed herein to indicate the particular section of the code upon which the court imposing the sentence relied. It is true that Section 11888 does provide especially for the punishment of a violation of an order of injunction, and it is also true that the preceding section states that such violation may be punished as a contempt

of court.   We do not think that the case relied upon by counsel for petitioners, *Grossner* v. *State of Ohio,* reported in 17 C.C. (N.S.), 72, goes to the extent of holding that a violation of an order of injunction, which the statute declares to be a contempt of court, can not be punished under the general provision of Section 12142.   This latter section fixes the penalty for violation of offenses defined in Section 12137, which provides:

"A person guilty of any of the following acts may be punished as for a contempt:   1.   Disobedience of or resistance to a lawful writ, process, order, rule, judgment or command of a court or an officer."

There can be little or no doubt, it seems to us, that this language must be held to include a violation of an order of injunction such as the record shows was issued by the court below in the case out of which these proceedings arose.   If this view is correct we are inclined to the opinion that the court had the right to proceed under either Section 11888 or Section 12142, General Code.

But outside of the question of which section should have controlled the action of the court, we hold that the relief prayed for must be denied, for the reason that proper relief would be afforded by proceedings in error; and that sufficient ground has not been shown to entitle the parties to discharge under a writ of habeas corpus.