THE STATE OF OHIO, APPELLEE, *v.* GRIM, APPELLANT.

[Cite as State v. Grim (1975), 44 Ohio App. 2d 152.]

(No. C-74262—Decided May 12, 1975.)

*Mr. Simon L. Leis, Jr.*, prosecutor, and *Mr. Irvin A. Meserth*, for appellee.

*Messrs. Gilday, Jung & Gilday* and *Mr. Donald H. Stern*, for appellant

COOK, P. J. This is an appeal from a judgment of the common pleas court. The defendant, the appellant herein, was arrested on January 26, 1974 for burglary, a felony, and arraigned on January 28, 1974. A plea of not guilty was entered and a preliminary hearing was scheduled for January 31, 1974.

On the morning of the scheduled hearing, the court granted a continuance for one day, to February 1, 1974, upon the request of the prosecuting attorney, for the purpose of permitting the state to produce a witness, one Norman Bennett, to testify to a laboratory report he authored concerning a fingerprint identification from the Bureau of Criminal Investigation and Identification. The state's request for a continuance was made because the judge refused to admit an uncertified carbon copy of such laboratory report into evidence.

On February 1, 1974, the preliminary hearing was held and the court found probable cause to bind the defendant over to the Hamilton County Grand Jury. He was subsequently indicted for burglary. After the indictment, on April 30, 1974, defense counsel filed a Motion to Dismiss on the ground that defendant had not been granted a preliminary hearing within five days, as required by Criminal Rule 5 (B) (1) and R. C. 2945.71. Defendant's Motion to Dismiss was overruled, and his trial began on May 20, 1974, at which time he renewed his Motion to Dismiss. Such was again overruled, and the jury returned a verdict of guilty as charged. From this judgment, the defendant appeals to this court.

Defendant has filed one assignment of error, to-wit: "The trial court erred in failing to grant defendant-appellant's motion to dismiss for failure to bring him to preliminary hearing within five (5) days of his arrest, as required by Rule 5 (B) (1) of the Ohio Rules of Criminal Procedure and R. C. 2945.71 to 2945.73."

The assignment of error is without merit.

Criminal Rule 5(B) (1), in pertinent part, reads as follows:

"In felony cases a defendant is entitled to a preliminary hearing unless waived in writing. If the defendant waives preliminary hearing, the judge shall forthwith order the defendant bound over to the court of common pleas. If the defendant does not waive the preliminary hearing, the judge shall schedule a preliminary hearing within a reasonable time, but in any event no later than five days following arrest or service of summons if the defendant is in custody and no later than fourteen days following arrest or service of summons if he is not in custody. * * *"

R. C. 2945.71, in pertinent part, reads as follows:

"(C) A person against whom a charge of felony is pending:

"(1) Shall be accorded a preliminary hearing within fifteen days after his arrest * * *."

The record reveals the defendant was afforded a preliminary hearing on the sixth day after the day of his ar-

rest. The defendant contends the municipal court continued the preliminary hearing without good cause and therefore did not extend the time for holding the hearing, required under Rule 5(B) (1) or R. C. 2945.71.

However, in our opinion, it is not necessary for this court to speak to the validity of the continuance of the preliminary hearing. Defendant did not file a Motion to Dismiss in the Hamilton County Municipal Court, but waited until the preliminary hearing had been held and the grand jury had subsequently found probable cause and handed down an indictment for the felony of burglary.

A Motion to Dismiss for failure to hold a preliminary hearing within five days, pursuant to Criminal Rule 5(B) (1) and R. C. 2945.71, is filed too late where a preliminary hearing has been conducted in another court, in which no such motion was made, and a grand jury finds probable cause to hand down an indictment.

In effect, the defendant has waived, by such action or lack thereof, his procedural right to object to the act of the municipal court in holding the preliminary hearing on the sixth day following the arrest of the defendant. Accordingly, we find the sole assignment of error without merit and affirm the judgment of the trial court.

*Judgment affirmed.*

STRAUSBAUGH and BUZZARD, JJ., concur.

COOK, P. J., of the Eleventh Appellate District, and STRAUSBAUGH, J., of the Tenth Appellate District, sitting by designation in the First Appellate District.

BUZZARD, J., of the Court of Common Pleas of Columbiana County, retired, assigned to actvie duty under authority of Section 6(C), Article IV, Constitution, sitting by designation in the First Appellate District.