IN RE SINGER.

[Cite as In re Singer (1976), 45 Ohio St. 2d 130.]

(No. 75-684—Decided February 18, 1976.)

132

Messrs. *Schwartz, Fisher, Spater, McNamara & Marshall, Mr. Leonard J. Schwartz* and *Mr. Thomas R. McGuire,* for appellant.

*Mr. Richard E. Bridwell,* prosecuting attorney, *Mr. Joseph A. Gormley* and *Mr. Warren B. Richardson,* for appellees.

*Per Curiam.* Prior to a decision on the merits of this appeal of the denial of appellant's petition for a writ of habeas corpus, this court must determine whether habeas corpus is the proper remedy to test appellant's allegation that he was not tried within the period mandated by R. C. 2945.71.

The record indicates that the appellant properly challenged the length of his incarceration, in lieu of bail, by way of motion pursuant to R. C. 2945.73. It is from the denial of the motion for discharge that appellant brought this original action seeking a writ of habeas corpus.

This situation has been before this court previously, and we have held, in paragraph two of the syllabus in *In re Knight* (1944), 144 Ohio St. 257, that:

"So long as an order of a trial court overruling defendant's motion for his discharge upon the failure of the state to cause him to be tried within the time limited by Section 13447-1, General Code [now R. C. 2945.71], remains unreversed, such order is a valid and legal authority to the sheriff for retaining the prisoner in custody and such order cannot be reviewed or reversed or the prisoner discharged by a proceeding in *habeas corpus* before another tribunal. (*Ex Parte McGehan*, 22 Ohio St., 442 approved and followed.)"

The rationale behind this decision was stated in *McGehan* to lie in the fact that a court may not in an *ex parte* proceeding review and reverse the judgment of another court. The statutes involved in *McGehan* operated to dis-

charge the defendant from prosecution and, in effect, to acquit the defendant, putting an end to all proceedings. The court stated that the effect of granting a writ of habeas corpus would be to render final judgment while the cause was still pending in the court below. Likewise, this court, in *Knight,* at page 264, stated that habeas corpus was not a proper remedy to test the validity of the denial of a motion for discharge, the remedy being by way of appeal.

The recent decision of this court, in *State, ex rel. Racine,* v. *Dull* (1975), 44 Ohio St. 2d 72, supports this principle. In *Racine, supra,* we affirmed a Court of Appeals' decision granting a motion to dismiss relator's complaint in mandamus seeking that the trial court discharge him pursuant to R. C. 2945.71 *et seq.* We held that the relator had an adequate remedy by way of appeal, citing *State, ex rel. Woodbury,* v. *Spitler* (1974), 40 Ohio St. 2d 1, 3, followed in *State, ex rel. Wentz,* v. *Correll* (1975), 41 Ohio St. 2d 101, for the proposition that:

"* * * Where an action is pending and undetermined in a lower court of competent jurisdiction, and where there is otherwise an adequate remedy by way of appeal, this court has no authority to determine what judgment should be rendered by the lower court."

In the instant case, appellant has an adequate remedy by way of appeal. Additionally, delay in the preliminary hearing or of the trial itself cannot ordinarily be urged as a ground for relief in habeas corpus after the accused has pleaded guilty or been convicted of the crime charged, since the delay no longer exists. *Mack* v. *Maxwell* (1963), 174 Ohio St. 275.

The judgment of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

O'NEILL, C. J., CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

HERBERT, J., concurs in the judgment.