Styer v. Brichta
*[Cite as 7 AOA 221]*

*Case No. 90WD072*
*Wood County, (6th)*
*Decided October 10, 1990*

RESNICK, J.

This matter is before the court on petitions for a writ of habeas corpus of petitioner, Robert Styer (case No. 90WD72) and Petitioner, Paul E. Smith (case No. 90WD73).

The facts of these cases are as follows. On August 17, 1990, a complaint alleging one count of rape in violation of R.C. 2907.02 was filed against Smith in the Bowling Green Municipal Court and an arrest warrant was issued. On the same day, Smith was arrested by Allen County authorities. On August 20, 1990, a complaint was filed against Styer also alleging one count of rape. It is represented and the evidence so indicated that Styer was arrested by Allen County authorities on August 19, 1990.[1] Both Smith and Styer were transported to Wood County on August 21 for initial appearances in the Bowling Green Municipal Court on August 22, 1990. On that date, both defendants were without counsel and affidavits were signed for the purpose of securing appointed counsel.[2] Counsel was appointed for both Smith and Styer and bond was set at $17,500 for each defendant, and the matter was continued to August 24, 1990 for initial appearance with counsel. On that day the cases were set for preliminary hearing on August 29, 1990.

On August 29, 1990, Smith and Styer appeared in Bowling Green Municipal Court for a preliminary hearing. Because the alleged victim was not present, the preliminary hearing was continued until August 31, 1990. However, no finding of extraordinary circumstances was placed in the record to demonstrate that the delay was indispensable to the interest of justice. Both Smith and Styer objected to a continuance and moved for dismissal under Crim. R. 5(B) (1) alleging that they had been in custody more than ten days. Smith and Styer's motions for dismissal were denied.

On August 30, 1990, Smith and Styer filed their respective petitions for writs of habeas corpus with this court. On August 31, 1990, this court, on the face of the petitions, granted the writs pursuant to R.C. 2725.06 and set the matter for hearing on the merits for September 4, 1990.

Also on August 31, 1990, when the case was called for a preliminary hearing in the Bowling Green Municipal Court, Smith and Styer again moved for dismissal under Crim R. 5(B) (1). The trial court denied both motions, proceeded with the preliminary hearing and bound over Smith and Styer for grand jury proceedings.

On September 4, 1990, a hearing on the petitions for a writ of habeas corpus was held before this court. At the hearing, certified copies of the papers filed in the trial court, as well as a partial transcript of the August 31, 1990 hearing held in the trial court, were presented. In the *August 31, 1990 transcript*, the trial court indicated for the first time that it continued the preliminary hearing originally scheduled for August 29, 1990 to August 31, 1990, upon a finding that extraordinary circumstances existed and that delay was indispensable to the' interest of justice. The trial court based its findings on the fact that the alleged victim had been hospitalized immediately prior to the preliminary hearing scheduled for August 29, 1990, and was, therefore, not present on that date. At the conclusion of the September 4, 1990 hearing before this court, petitioners were remanded to the custody of the respondent, and the matter was taken under advisement.

The instant case is one of first impression and focuses on the problem of legislative fixing of speedy hearing time limits and the available remedies available to persons where the time limits may have expired. The issue was discussed in a different context in *State v. Pugh* (1978), 53 Ohio St. 2d 153, when a defendant's motion to dismiss for failure to hold a timely preliminary hearing was overruled and not raised again until *after* indictment on the bind-over from the preliminary hearing. In that case, in a 4-3 decision, the Supreme Court of Ohio in separate concurring opinions, based on various theories, affirmed the defendant's conviction oh direct appeal. The majority opinions respectively held that: (1) the separation of powers doctrine gives the appellate courts the sole right to determine when speedy hearings have been violated, (2) that when a defendant enters a plea to the *bind-over* indictment he waives his right to object to the late preliminary, hearing, and (3) that the failure to provide a preliminary hearing has no effect upon a conviction resulting from an indictment and trial. The result of these opinions effective-

ly reads the requirement of a timely preliminary hearing out of the statute. R.C. 2945.73(A). In dissent, Justice William Brown with two concurrences urged that R.C. 2945.73(A) was mandatory. As stated by the minority, R.C. 2945.73 provides, in pertinent part:

"(A) A charge of felony shall be dismissed if the accused is not accorded a preliminary hearing within the time required by sections 2945.71 and 2945.72 of the Revised Code.

"(D) When a charge of felony is dismissed pursuant to division (A) of this section, such dismissal has the same effect as a *nolle prosequi.*

"The language of R.C. 2945.73(A) is clear. It *mandates* that charges against a defendant denied a timely preliminary hearing be dismissed. It is not necessary to read that mandate out of statute in order to give effect to R.C. 2945.73(D). The latter provision tempers the *effect* of the former one, but it does not negate it. Read *in pari materia,* R.C. 2945.73(A) and (D) allow the prosecution to proceed against a defendant after he has been denied a timely preliminary hearing but only if it does so by reinstating proceedings after the initial charges against him have been dismissed. (Such a reading of the two statutes preserves the legislative requirement that charges be dismissed and also gives effect to the legislative intent to discourage prolonged pre-trial incarceration and to balance the defendant's right to speedy justice against the state's interest in obtaining convictions." Cf. *State v. Grim* (1975), 44 Ohio App. 2d 152 (objection first made in trial court.)

Prior to the decision in *Pugh, supra,* the Supreme Court of Ohio in *In Re Singer* (1976), 45 Ohio St. 2d 130, held that while a case is pending in the common pleas court a petition for habeas corpus is not available to determine whether a defendant was tried within the ninety days mandated under R.C. 2945.71(2)(D) and (E). The court reasoned that the petitioner had an adequate remedy of law by way of appeal. Akin to the *Singer* decision, *supra,* was the holding in *State v. Washington* (1986), 30 Ohio App. 3d 98, wherein the court found that the finding of probable cause by a court conducting a preliminary hearing was not appealable. The court noted that a subsequent indictment by the grand jury renders any defects in the preliminary hearing moot. *Id.* at 99. Following indictment therefore, any errors committed in the preliminary stages would not

be subject to collateral or direct attacks. *Id.* citing *Commonwealth v. Gorden* (1978), 254 Pa. Super 267, 272, 385 A2d 1013, 1015. This leaves us with the question as to whether habeas corpus proceedings may be had for violation of the time constraints for preliminary hearings prior to a bind-over and/or indictments. For the reasons stated herein we find, as to the facts herein, habeas corpus to be the proper remedy, there being no adequate remedy at law available to prevent what may constitute unlawful incarceration under the statutory framework of R.C. 2945.71 to 2945.73.

It is well-settled that a writ of habeas corpus will not lie where an adequate remedy at law exists. *Singer, supra.* In *Singer,* as heretofore stated, a motion to dismiss was made after indictment on speedy trial grounds. The order overruling the motion to dismiss was interlocutory inasmuch as the defendant retained his right of appeal from any conviction. However, later in *State v. Singer* (1977), 50 Ohio St. 2d 103, on direct appeal from Singer's conviction, the Supreme Court of Ohio discharged the defendant because of a denial of his speedy trial rights. In the interim Singer spent two years in custody because he originally had an "adequate" remedy at law. This is an injustice which should not be countenanced by the courts and must be remedied either by the legislature or if necessary, judicial legislation. Appeal is not an *adequate* remedy of law where there is a possibility that a person might be illegally confined as in the Singer situation.

Confinement in violation of R.C. 2945.71(C) (1) and (2) is directly in violation of the mandatory provision of R.C. 2945.73(A) and (B). These sections confer substantive rights to the accused. *State v. Westbrook* (1975), 47 Ohio App. 2d 211. If the time limits for a preliminary hearing have been exceeded the state may nevertheless prosecute by way of original indictment. The dismissal of the original charge or charges because of the expiration of the time limitations has the effect of a *nolle prosequi.* R.C. 2945.73(D). There is nothing to prevent either an original indictment or for that matter the filing of a new complaint.

Based on the foregoing, we find habeas corpus an available remedy to challenge the time parameters of a Crim. R. 5(B) preliminary hearing if filed prior to that hearing.[3]

Nevertheless, the defendants are not entitled to habeas corpus relief for the reasons that follow.

R.C. 2945.72 states in pertinent part as follows:

"The time within which an accused must be brought to trial, or in the case of a felony, to preliminary hearing and trial, may be extended only by the following:

"(A) Any period during which the accused is unavailable for hearing or trial, by, reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;"

As stated heretofore, the defendants in this case, having been arrested in a non-adjacent county in Ohio, were not immediately available to Wood County authorities. They were not available because of the *criminal proceedings* required to be followed by the Allen County authorities under Crim. R. 4(E). Under the dictates of Crim. R. 4(E) the defendants were required to be brought before an Allen County court to be advised that they had a right to consult with an attorney, or another person of their choice, and to post bail to be determined by the court in Allen County. It is evident that such requirement constitutes "other criminal proceedings" just the same as an extradition proceeding which is specifically mentioned in the rule. Thus, as applied to the instant case, the two days spent by defendant Styer and the four days spent by defendant Smith were tolled by the Allen County criminal proceedings.

The evidence demonstrates that both defendants were taken into custody by the Wood County authorities on August 21, 1990 without unnecessary delay. Thus, pursuant to Crim R. 45 the ten day time limitation for preliminary hearing did not commence until August 22, 1990 and with the hearing having been held on August 31, 1990, this court finds that the time limitation was not exceeded.[4] Accordingly, petitioners' applications for writs of habeas corpus are found not well-taken and denied. This cause is dismissed at petitioners' costs. It is so ordered.

*Writs denied.*

ABOOD, J., and RESNICK, J., concur.

GLASSER, J., dissents.

It is well-settled law that a writ of habeas corpus will not lie where there exists an adequate remedy at law. *E.g., In re Singer* (1976), 45 Ohio St. 2d 130. 133. Further, in *Pollock v. Morris* (1988), 35 Ohio St. 3d 117, 118, the court held as follows:

"[W]hile a party detained pursuant to a judgment of a court is entitled to a writ of habeas corpus if that court lacked jurisdiction to enter the judgment, nonjurisdictional errors afford no basis for issuing the writ. Habeas corpus is not a substitute for appeal."

Specifically, in *Singer* the court held that a proceeding in habeas corpus was not the proper remedy to determine whether a defendant was tried within the' ninety days mandated under R.C. 2945.71. The *Singer* court held as follows:

"'So long as an order of a trial court overruling defendant's motion for his discharge upon the failure of the state to cause him to be tried within the time limited by Section 13447-1, General Code [now R.C. 2945.71], remains unreversed, such order is a valid and legal authority to the sheriff for retaining the prisoner in custody and such order cannot be reviewed or reversed or the prisoner discharged by a proceeding in habeas corpus before another tribunal. *(Ex Parte McGehan,* 22 Ohio St., 442 approved and followed.)'" *Singer, supra,* at 132, quoting *In re Knight* (1944), 144 Ohio St. 257, paragraph two of the syllabus.

See, also, *Kramer v. Jamerson* (Aug. 7, 1986), Portage App. No. 1710, unreported. The *Singer* court further held that "habeas was not a proper remedy to test the validity of the denial of a motion for discharge, the remedy being by way of appeal." *Singer, supra,* at 133.

In the present case both petitioners were afforded a preliminary hearing on August 31, 1990. At that time, rather than on the date the extension was actually granted, the trial court found that the delay in holding the preliminary hearing was justified under the dictates of Crim. R. 5(B)(1). Error on the part of the trial court in such determination, if any, is properly reviewable by way of appeal and not by way of proceedings in habeas corpus.

I further respectfully disagree with my colleagues' interpretation of R.C. 2945.72(A). R.C. 2945.72(A) provides that the time within which an accused must be afforded a preliminary hearing may be extended by "[a]ny period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him *** ." The plain meaning of "other criminal proceedings" refers to criminal proceedings involving other pending

charges against the accused. Where a defendant is arrested and makes an initial appearance regarding a charge based on another county's arrest warrant, such initial appearance does not constitute other criminal proceedings that extend the time for the preliminary hearing on such a charge. To permit extensions for proceedings involving the same charge, other than those specifically enumerated in R.C. 2945.72, *i.e.,* extradition or change of venue, could result in abuses of the time requirements imposed by R.C. 2945.71 and Crim. R. 5.

For the foregoing reasons, I respectfully dissent in this matter.

---

[1] The records show that the affidavit for complaint against Styer was signed August 19, 1990 but that the warrant was not issued until August 20, 1990.

[2] Although not needed for our discussion, it should be noted that R.C. 2945.72(C) provides that any delay necessitated by the accused lack of counsel also tolls the ten day limitation and that the record herein demonstrates that there was such a two day delay in Wood County and an unknown period of time in Allen County for the same purpose if counsel was requested by the defendants in Allen County.

[3] Although reference has been made to speedy *trial* limitations for purpose of analysis, our opinion does not necessarily hold that habeas corpus will be available for lack of an adequate remedy of law in speedy trial cases should we be faced with such in the future.

[4] It should also be noted that R.C. 2945.72(C) provides that the time limitations are extended for any period of delay necessitated by the accused's lack of counsel. In this case, an initial appearance was made on August 22, 1990 without counsel and after signing indigent affidavits, counsel for both defendants were appointed on August 23, 1990 and they appeared with counsel on August 24, 1990.