The STATE ex rel. FRAZER et al.

v.

ADMINISTRATOR/DIRECTOR JUVENILE COURT DETENTION HOME.

[Cite as *State ex rel. Frazer v. Admr./Dir. Juv. Court Detention Home* (1995), 107 Ohio App.3d 245.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69767.

Decided Nov. 3, 1995.

*Robert O. Garnett Co., L.P.A.*, and *Robert O. Garnett*, for relators.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, for respondent.

PATTON, Chief Justice.

On November 1, 1995, the petitioners, Alicia Frazer and Crystal Dennis, commenced this habeas corpus action against the respondent, the Administrator of the Cuyahoga County Juvenile Detention Home, to release Frazer from custody for being in direct contempt and to stay the order imposing house arrest on Dennis. *Sua sponte*, for the following reasons, this court dismisses these habeas corpus claims for failure to state a cause of action.

The petitioners allege the following: Both Frazer and Dennis are juveniles. Garfield Heights charged Dennis with violating Garfield Heights Ordinances 371.03(a), failing to yield right of way to traffic when crossing a road outside the crosswalk. The prosecutor subpoenaed Frazer, because she had apparently told a police officer that Dennis was outside the crosswalk at the time of the incident. On October 31, 1995, Garfield Heights presented its case to the juvenile court. Frazer and Dennis testified that Dennis was within the crosswalk. The juvenile court found Frazer to be lying, held her in direct contempt and sentenced her to thirty days, sentence to be executed immediately. The judge then found Dennis to be a juvenile traffic offender and placed her under house arrest, except for attendance at school, until sentencing.

Frazer argues that the finding of direct contempt exceeded the judge's authority because it was not in compliance with the contempt statutes. Direct

contempt may be imposed for disruptive or disrespectful behavior, not for the judge's belief that a witness is lying. Accordingly, habeas corpus should lie to release Frazer from custody. Dennis submits that the order imposing house arrest until sentencing is similarly not authorized.

■ These claims are meritless. Habeas corpus is an extraordinary remedy and is not available when there is an adequate remedy at law, *e.g.*, appeal. Moreover, habeas corpus may not be used as a substitute for appeal. *Luchene v. Wagner* (1984), 12 Ohio St.3d 37, 12 OBR 32, 465 N.E.2d 395; *In re Singer* (1976), 45 Ohio St.2d 130, 74 O.O.2d 253, 341 N.E.2d 849. R.C. 2725.05 provides that if it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court with jurisdiction to issue such an order, then the writ of habeas corpus shall not be allowed. In the present case, the juvenile court has jurisdiction in contempt. R.C. 2151.23. Thus, Frazer is being held pursuant to an order of a court which has the jurisdiction to make the order. If the court improperly exercised its power, then the proper remedy is appeal, not habeas corpus. *In re Fusfeld* (1914), 3 Ohio App. 224. Moreover, the effects of the thirty-day sentence, including the consequent risk of mootness, may be limited by a motion for stay pursuant to App.R. 7 and 8 and Local Rule 15. Therefore, the allegation that a court is not authorized to find a person in direct contempt for lying in court does not state a claim in habeas corpus.

■ R.C. 2151.35 explicitly permits the juvenile court to adjourn its hearings from time to time. R.C. 2151.312(A) provides that a child alleged to be a juvenile traffic offender may be held in any suitable place designated by the court. These provisions are broad enough to encompass the juvenile court's order imposing house arrest for Dennis until sentencing. Moreover, Dennis cites no authority to support her proposition that the house arrest order is beyond the court's jurisdiction. Thus, her allegations also fail to state a claim in habeas corpus.

Accordingly the above-captioned petition for writs of habeas corpus is dismissed. Petitioners to pay costs.

*Petition dismissed.*

DYKE and NAHRA, JJ., concur.