[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 287.]

THE STATE EX REL. BRANTLEY, APPELLANT, *V*. GHEE, APPELLEE.

[Cite as *State ex rel. Brantley v. Ghee*, 1997-Ohio-116.]

*Habeas corpus—Alleged speedy trial violation not cognizable in habeas corpus—*
*Commitment papers pertinent to claim must be attached to complaint—*
*Writ available only if petitioner is entitled to immediate release from*
*custody—Res judicata precludes filing of successive petitions.*

(No. 97-482—Submitted October 7, 1997—Decided November 19, 1997.)

APPEAL from the Court of Appeals for Richland County, No. 97CA9.

————————————

{¶ 1} In January 1997, appellant, Gregory Brantley, an inmate at Mansfield Correctional Institution, filed a complaint in the Court of Appeals for Richland County for a writ of habeas corpus. Brantley challenged actions by his sentencing court and the Adult Parole Authority ("APA") in 1990 and 1991. He claimed entitlement to habeas corpus relief because (1) his constitutional right to a speedy trial had been violated, (2) the APA lacked authority to revoke his parole because of an unreasonable delay in conducting his final parole revocation hearing, and (3) the APA failed to reduce his aggregate sentence. The court of appeals denied the writ because Brantley's speedy trial claim failed to invoke the court's original jurisdiction in habeas corpus.

{¶ 2} This cause is now before the court upon an appeal as of right. Brantley has also filed a motion to supplement the record.

————————————

*Gregory Brantley*, *pro se*.

————————————

***Per Curiam.***

*Motion to Supplement Record*

{¶ 3} Brantley initially requests that the court supplement the record on appeal with documents he has filed in the Court of Appeals for Franklin County. S.Ct.Prac.R. V(6) provides that in appeals to this court, "[i]f any part of the record is not transmitted to the Supreme Court but is necessary to the Supreme Court's consideration of the questions presented on appeal, the Supreme Court, on its own initiative or upon stipulation of the parties or motion of a party, may direct that a supplemental record be certified and transmitted to the Clerk of the Supreme Court." The Franklin County records are not part of the applicable record here, see S.Ct.Prac.R. V(1), nor are they necessary to the court's review of the merits of this appeal. In addition, " '[a] reviewing court cannot add matter to the record before it, which was not part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.' " *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 162, 656 N.E.2d 1288, 1293, quoting *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, paragraph one of the syllabus. Accordingly, we deny Brantley's motion to supplement the record.

*Merits*

{¶ 4} Brantley asserts in his two propositions of law that the court of appeals erred by denying the writ of habeas corpus. The court of appeals, however, properly denied the writ for the following reasons.

{¶ 5} First, as the court of appeals properly concluded, Brantley's claimed violation of his right to a speedy trial is not cognizable in habeas corpus. *State ex rel. Brantley v. Anderson* (1997), 77 Ohio St.3d 446, 674 N.E.2d 1380. Second, Brantley did not attach commitment papers pertinent to his claim challenging the APA's revocation of his parole. *Brown v. Rogers* (1995), 72 Ohio St.3d 339, 341, 650 N.E.2d 422, 423. Third, Brantley was not entitled to a writ of habeas corpus on his sentence-reduction claim because he did not contend that he was thereby entitled to release from prison. *Swiger v. Seidner* (1996), 74 Ohio St.3d 685, 687,

2

660 N.E.2d 1214, 1216 (habeas corpus lies only if the petitioner is entitled to immediate release from custody). Finally, *res judicata* precluded Brantley's filing of successive habeas corpus petitions. See *State ex rel. Richard v. Seidner* (1996), 77 Ohio St.3d 68, 671 N.E.2d 28; *Brantley, supra*.

{¶ 6} Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____