ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On May 3, 2004, the petitioner, Haroun Moore, commenced this habeas corpus action against the respondent, Kenneth Kochevar, Superintendent of the Cuyahoga County Jail. Moore claims he is entitled to his freedom because he was denied his right to a speedy trial under R.C. 2945.73 in the underlying case, State v. Moore, Cuyahoga County Common Pleas Court Case No. CR-442094. For the following reasons, this court dismisses this habeas corpus action sua sponte.
 {¶ 2} A claimed violation of a criminal defendant's right to a speedy trial is not cognizable in habeas corpus. State ex rel.Brantley v. Ghee, 80 Ohio St.3d 287, 1997-Ohio-116,685 N.E.2d 1243; Prather v. Brigano, 86 Ohio St.3d 609, 1999-Ohio-212,716 N.E.2d 197; Washington v. Tyson-Parker, 101 Ohio St.3d 131,2004-Ohio-298, 802 N.E.2d 655; State ex rel. Sadovskiy v.McFaul (Sept. 29, 1999), Cuyahoga App. No. 77020; and Hendersonv. Kochevar (Feb. 20, 2004), Cuyahoga App. No. 84048. Instead, appeal is the adequate remedy. Habeas corpus is not available if appeal provides an adequate remedy. In re Singer (1976),45 Ohio St.2d 130, 341 N.E.2d 849. Moore's own citations support the proposition that appeal, not habeas corpus, is the proper remedy.State v. Collins (1993), 91 Ohio App.3d 10, 631 N.E.2d 666;State v. Geraldo (1983), 13 Ohio App.2d 27, 468 N.E.2d 328; andState v. Eberhardt (1978), 56 Ohio App.2d 193, 381 N.E.2d 1357, all present the speedy trial issue on appeal.
 {¶ 3} The petitioner has also failed to comply with R.C.2969.25, which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. His failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of habeas corpus. State ex rel. Zanders v. Ohio Parole Bd.,82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594 and State ex rel.Alford v. Winters, 80 Ohio St.3d 285, 1997-Ohio-117,685 N.E.2d 1242.
 {¶ 4} Accordingly, this court dismisses this application for a writ of habeas corpus. Costs assessed against petitioner. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Sweeney and Cooney, JJ., concur.