ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Petitioner is a defendant in Cuyahoga County Court of Common Pleas Case No. CR-432698. Petitioner claimed that he was improperly detained. By entry received for filing on April 29, 2004, the court of common pleas stated: "*DEFENDANT ORDERED RELEASED*. DEFENDANT TO REPORT TO PROBATION DEPARTMENT."
 {¶ 2} In light of the fact that petitioner is no longer in custody, this action in habeas corpus is moot.
 {¶ 3} We also note that the petition is insufficient to maintain an action in habeas corpus.
"R.C. 2725.04 requires that petitions for habeas corpus beverified. The failure to verify the petition requires itsdismissal. Chari v. Vore (2001), 91 Ohio St.3d 323,744 N.E.2d 763 and State ex rel. Crigger v. Ohio Adult Parole Authority(1998), 82 Ohio St.3d 270, 695 N.E.2d 254. In Vore the SupremeCourt of Ohio was adamant that unverified petitions for habeascorpus be dismissed; it reversed the granting of relief in ahabeas petition because it was not verified. Similarly, therelator failed to support his complaint with an affidavitspecifying the details of the claim as required by LocalRule 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996),Cuyahoga App. No. 70077, unreported and State ex rel. Smith v.McMonagle (July 17, 1996), Cuyahoga App. No. 70899,unreported."
 "* * *. Moreover, he failed to include the addresses of theparties as required by Civ.R. 10(A). In State ex rel. Sherrillsv. The State of Ohio (2001), 91 Ohio St.3d 133, 742 N.E.2d 651,the Supreme Court of Ohio listed these failures as proper reasonsfor dismissal of a habeas petition."
 {¶ 4} State ex rel. Woods v. State (May 21, 2001), Cuyahoga App. No. 79577, at 2-3.
 {¶ 5} Likewise, in this action, Wilson has not verified the petition, supported it with an affidavit specifying the details of the claim or set forth the address of respondent. As indicated in Woods, these grounds alone are sufficient for dismissal of this action. Additionally, petitioner has not attached a copy of the commitment papers to the petition. See Sherrills, supra, citing R.C. 2725.04(D) and Sidle v. Ohio Adult Parole Auth.
(2000), 89 Ohio St.3d 520, 733 N.E.2d 1115. Compliance with R.C.2725.04(D) requires attachment of the journal entry causing petitioner's detention and a copy of the docket is not sufficient. In the Matter of: Birner v. McFaul (Nov. 21, 2001), Cuyahoga App. No. 80408, unreported, at 13-14.
 {¶ 6} Wilson's complaint is defective on another ground.
" * * * Additionally, relator `did not file an R.C. 2969.25(A)affidavit describing each civil action or appeal of a civilaction he had filed in the previous five years in any state orfederal court and also did not file an R.C. 2969.25(C) certifiedstatement by his prison cashier setting forth the balance in hisprivate account for each of the preceding six months.' State exrel. Hunter v. Cuyahoga Cty. Court of Common Pleas (2000),88 Ohio St.3d 176, 177, 724 N.E.2d 420, 421. As a consequence, wedeny relator's claim of indigency and order him to pay costs.Id. at 420."
 {¶ 7} State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, at 3-4. Likewise, in this action, Wilson has failed to support his complaint with the requisite affidavit and supporting information. Not only must we deny his claim of indigency and order him to pay costs, but this defect provides another basis for dismissing this action. "The failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Bd. (1998),82 Ohio St.3d 421, 696 N.E.2d 594 and State ex rel. Alford v.Winters (1997), 80 Ohio St.3d 285, 685 N.E.2d 1242." State exrel. Hite v. State, Cuyahoga App. No. 79734, 2002-Ohio-807, at 6. See, also, State ex rel. Perotti v. McFaul, Cuyahoga App. No. 83622, 2004-Ohio-491, at ¶ 8 (dismissing a petition in habeas corpus).
 {¶ 8} Accordingly, we grant respondent's motion to dismiss. Petitioner to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
Sweeney, J., Dyke, P.J., Rocco, J., concurs.