{¶ 1} On February 16, 2007, the petitioner, Oniel Clarke, commenced this habeas corpus action against the respondent, Sheriff Gerald McFaul. Clarke maintains that he should be immediately released from confinement for the following reasons: (1) he was never in Ohio so could not be answerable for a crime in Ohio; (2) the State of Ohio knowingly sent a summons to the wrong address, thus depriving him of due process to be notified of a pending case, (3) he was not given a preliminary hearing as required by Crim. R. 5 or given the opportunity to exercise his rights under Crim. R. 6 and 7, and (4) the state violated his right to a speedy trial. On February 20, 2007, the state moved to dismiss this habeas action. Clarke never filed a response. For the following reasons, this court grants the motion to dismiss.
 {¶ 2} As gleaned from the pleadings, their attachments, and the docket of the underlying case, State v. Oniel Clarke, Cuyahoga County Common Pleas Court Case No. CR. 466666, the Grand Jury on June 9, 2005, indicted Clarke for grand theft motor vehicle, forgery, uttering, receiving stolen property, and three counts of misuse of a credit card. Clarke was in a Florida prison from October 31, 2004, until December 20, 2005. On January 21, 2006, Clarke was arrested in Florida, and he refused to waive extradition. Accordingly, Ohio extradited Clarke and brought him to Ohio on September 27, 2006. The Common Pleas Court conducted the arraignment on September 29, 2006, and set bond at $10,000. While in jail awaiting trial, Clarke filed a habeas claim in the underlying case as well as motions to dismiss *Page 3 
and quash the indictments. When the trial court denied those motions, Clarke appealed those decisions to this court, which dismissed the appeal, State v. Oniel Clarke, Cuyahoga App. No. 89185, for failure to file a praecipe. Clarke then filed this habeas action.
 {¶ 3} Clarke's petition for habeas relief is fatally defective. He failed to comply with R.C. 2969.25, which requires an affidavit that describes each civil action or appeal filed by the petitioner within the previous five years in any state or federal court. This failure to comply with R.C. 2969.25 warrants dismissal of the complaint for an extraordinary writ. State ex rel. Zanders v. Ohio Parole Board,82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594; State ex rel. Alford v.Winters, 80 Ohio St.3d 285, 1997-Ohio-117, 685 N.E.2d 1242; andState v. Aaron Addison, Cuyahoga App. No. 89273, 2007-Ohio-154.
 {¶ 4} Clarke also did not comply with R.C. 2969.25(C) which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This also is sufficient reason to deny a writ claim, deny indigency status and assess costs against the relator.State ex rel. Pamer v. Collier, 108 Ohio St.3d 492, 2006-Ohio-1507,844 N.E.2d 842 and State ex rel. Hunter v. Cuyahoga County Court of CommonPleas, 88 Ohio St.3d 176, 2000-Ohio-285, 724 N.E.2d 420. The court further notes that Clarke's "Declaration of Indigency" did not include the verification of a notary, *Page 4 
rendering it defective. Chari v. Vore, 91 Ohio St.3d 323, 2001-Ohio-49,744 N.E.2d 763.
 {¶ 5} Additionally, Clarke failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077 and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899. He also did not verify his petition for habeas corpus, as required by R.C. 2725.04. The Supreme Court of Ohio is adamant that unverified petitions for habeas corpus be dismissed.Chari. Although Clarke included a "verification" under which he verified under penalty of perjury that the foregoing is true and correct to the best of his knowledge, this "verification" was not made in the presence of an authorized officer, such as a notary public. Thus, it is not an authentic verification.
 {¶ 6} Moreover, Clarke's claims do not warrant habeas relief. He argues that he should be discharged because he did not have a preliminary hearing pursuant to Crim. R. 5. However, an indictment by the grand jury renders any defects in the preliminary hearing moot.State v. Washington (1986), 30 Ohio App.3d 98, 99, 506 N.E.2d 1203; andStyer v. Bricta (1990), 69 Ohio App.3d 738, 591 N.E.2d 1255. Therefore, habeas corpus will not lie to effect immediate discharge for failure to hold a preliminary hearing when the grand jury has indicted the individual. Nash v. McFaul, Cuyahoga App. No. 81439, 2002-Ohio-3647 andJerninghan v. McFaul (Jan 7, 1999), Cuyahoga App. No. 75587. State exrel. Jenkins v. McFaul (Apr. 23, *Page 5 
1998), Cuyahoga App. No. 74047, raised the same claim for habeas relief, that the failure to hold a preliminary hearing within ten days of arrest entitled the petitioners to immediate release. This court rejected the argument, inter alia, because the grand jury had indicted the petitioners and that action rendered their claim for habeas corpus moot.
 {¶ 7} Clarke also argues that he has not been provided with a speedy trial as required by law. However, the Supreme Court of Ohio has ruled that a claimed violation of the right to a speedy trial is not cognizable in habeas corpus. State ex rel. Brantley v. Ghee,80 Ohio St.3d 287, 1997-Ohio-116, 685 N.E.2d 1243; Prather v. Brigano,86 Ohio St.3d 609, 1999-Ohio-212, 716 N.E.2d 197; Washington v.Tyson-Parker, 101 Ohio St.3d 131, 2004-Ohio-298, 802 N.E.2d 655; andIn re Signer (1976), 45 Ohio St.2d 130, 341 N.E.2d 849. Appeal provides an adequate remedy at law, precluding habeas relief. Moore v.Kochevar, Cuyahoga App. No. 84588, 2004-Ohio-2687.
 {¶ 8} Clarke further argues that habeas corpus should be granted because he was never in Ohio and thus, could not be convicted of an Ohio criminal offense. However, questions of proof are not cognizable in a habeas corpus proceeding. Spence v. Sacks (1962), 173 Ohio St. 419,183 N.E.2d 363, and Nash, supra. Furthermore, appropriate motions and appeal provide adequate remedies at law.
 {¶ 9} Clarke also submits that because he was not even given the opportunity to exercise his rights under Crim. R. 6, The Grand Jury, he should be immediately *Page 6 
released. However, he does not specify those rights or how he is prejudiced by not being able to exercise them. More importantly, he cites no authority that any violation of Crim. R. 6 is remediable through habeas corpus or that a failure under Crim. R. 6 affects the jurisdiction of the common pleas court. As the Supreme Court stated inChari "in order to avoid dismissal, a petitioner must state with particularity the extraordinary circumstances entitling him to habeas corpus relief. * * * (citation omitted.) Unsupported conclusions contained in a habeas corpus petition are not considered admitted and are insufficient to withstand dismissal." 91 Ohio St.3d at 328. Furthermore, Crim. R. 6 provides that a motion to dismiss is the appropriate remedy for those rights contained in that rule.
 {¶ 10} Similarly, Clarke's claim concerning his right to waive indictment under Crim. R. 7, The Indictment and the Information, is meritless. Once the Grand Jury indicted him, his right to waive became moot. Moreover, habeas corpus is not available to challenge either the validity or sufficiency of an indictment; the proper remedy is appeal.Marshall v. Lazaroff, 77 Ohio St.3d 443, 1997-Ohio-257, 674 N.E.2d 1387;State ex rel. Simpson v. Lazaroff, 75 Ohio St.3d 571, 1996-Ohio-201,664 N.E.2d 937; and State ex rel. Hadlock v. McMackin (1991),61 Ohio St.3d 433, 575 N.E.2d 184.
 {¶ 11} Finally, Clarke complains that the State of Ohio deprived him of due process under the Constitution when it sent notice of the indictment to an old address in New York, when the State of Ohio knew he was in Florida. This legal *Page 7 
conclusion unsupported by other legal authority is insufficient to withstand the State's motion to dismiss and does not discharge Clarke's duty to state with particularity the extraordinary circumstances entitling him to habeas relief. Chari. Moreover, the Supreme Court of Ohio has indicated that a motion to dismiss is the proper remedy for a claim that the State has not sought timely disposition of a pending criminal charge. State ex rel. Bowling v. Court of Common Pleas ofHamilton County (1970), 24 Ohio St.3d 158, 265 N.E.2d 296.
 {¶ 12} Accordingly, this court grants the Sheriff's motion to dismiss and dismisses Clarke's application for a writ of habeas corpus. Clarke to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
 JAMES J. SWEENEY, P.J., and SEAN C. GALLAGHER, J., CONCUR *Page 1