JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Petitioner, David Byrd, is the defendant in State v. Byrd, Cuyahoga County Court of Common Pleas Case No. CR-490874. Byrd is charged with: two counts of rape under R.C. 2907.02(A)(1)(b) when the victim "is less than thirteen years of age"and two counts of kidnapping under R.C. 2905.01(A)(2) "[t]o facilitate the commission of any felony or flight thereafter." At his arraignment on February 28, 2007, the court of common pleas set bond at $250,000.
 {¶ 2} In this action in habeas corpus, Byrd attempts to raise claims "of ineffective assistance of `conflict-free' counsel and fundamental fairness of the due process clause, and also, a `speedy trial' violation * * *." Petition, at 2. He also asserts that the amount of bail is excessive and that he did not receive a preliminary hearing.
 {¶ 3} Respondent sheriff has filed a motion for summary judgment to which petitioner has not responded. For the reasons stated below, we grant the motion for summary judgment.
 {¶ 4} Initially, we note that the petition has several defects. Although Byrd purports to have verified the petition as required by R.C.2725.04, his "verification" is not notarized. Clarke v. McFaul, Cuyahoga App. No. 89436, 2007-Ohio-1592, at ¶ 5. Similarly, Byrd has not supported the petition with an affidavit specifying the details of the claim as required by Loc.App.R. 45(B)(1)(a) and he has not supported the petition with a R.C. 2969.25(A) affidavit describing each civil action or appeal of a *Page 4 
civil action which Collins had filed in the previous five years in any state or federal court. Clarke, supra, at ¶ 3-5. Any one of these grounds would be a sufficient basis for dismissing this action. See, e.g., Clarke, supra. Byrd's failure to comply with the requirement under R.C. 2969.25(C) that he submit a cashier statement reflecting the balance in his private account is a sufficient basis for denying him indigency status. Clarke, supra, at ¶ 4. Additionally, his failure to attach a copy of the commitment papers to the petition as required by R.C. 2725.04(D) is another ground for dismissal. Merely attaching a copy of the docket is not sufficient. Wilson v. Kochevar, Cuyahoga App. No. 84516, 2004-Ohio-2984, at ¶ 5.
 {¶ 5} We must also reject the petition on the merits. A claim of a violation of one's right to a speedy trial is not cognizable in habeas corpus. Clarke, supra, at ¶ 7. Similarly, "[t]he issue of the ineffectiveness of counsel is not appropriate for habeas corpus.Ellis v. McMackin (1992), 65 Ohio St. 3d 161, 602 N.E.2d 611."Justice v. Walker (Jan. 22, 1998), Cuyahoga App. No. 73837, at 2. Furthermore, any claim which Byrd may have that he is entitled to habeas corpus relief because he did not receive a preliminary hearing is moot because the grand jury indicted him. Clarke, supra, at ¶ 6.
 {¶ 6} Byrd also asserts that the $250,000 bail set by the court of common pleas is excessive. He contends that Crim.R. 46 requires that a court emphasize the "defendant's ties to the community and other factors reasonably assuring his appearance." Petition, at 4-5. *Page 5 
 {¶ 7} In Russell v. McFaul, Cuyahoga App. No. 82548, 2003-Ohio-1970, the petitioner was charged with "two counts of rape of a child under the age of thirteen with force specifications, five counts of felonious sexual penetration, one count of attempted rape, five counts of gross sexual imposition, and three counts of kidnapping. Because of the age of the victim and the force specifications, Russell faces life imprisonment if convicted. The trial court set bond at $500,000, and Russell moved to reduce the bond. After a hearing on this motion, the trial court continued the $500,000 bond." Id. at ¶ 2. This court denied Russell's request for relief in habeas corpus. "In weighing and analyzing the various considerations, this court concludes that the trial court did not abuse its discretion in setting bail at $500,000. Although it is a very high bond, the charges are very serious. The Cuyahoga County Common Pleas Court Bail
 {¶ 8} Investigation Guidelines recommend bond of up to $500,000 for crimes which carry a life sentence. [1] * * *.
 [1] "Although these guidelines recommend bond of up to $100,000 for the crime of rape, because a life sentence is possible, the guidelines for aggravated murder, which also carry a life sentence, are more appropriate." Id. at ¶ 8.
 {¶ 9} In Case No. CR-490874, each of the rape counts indicates that the victim was under age ten and includes a sexually violent predator specification. Each of the kidnapping counts includes a sexual motivation specification as well as a sexually violent predator specification. Respondent argues that, because Byrd may *Page 6 
receive a life sentence under the charges in the indictment — Cf. R.C.2907.02 and 2971.03, the $250,000 bond is appropriate.
 {¶ 10} In Russell, supra, this court had the benefit of having before it the transcript of the hearing in the court of common pleas on Russell's motion to reduce bond. In this action, however, respondent has not provided this court with any materials to support his motion for summary judgment. (As a consequence, we must ignore the numerous assertions of fact in respondent's motion for summary judgment which go beyond the pleading.) Nevertheless, the holding of Russell as well as our review of the indictment in Case No. CR-490874, requires that we deny relief in habeas corpus to Byrd. As was the case inRussell, Byrd faces a potential life sentence. Byrd has not provided this court with any controlling authority that requires the conclusion that the $250,000 bond is excessive.
 {¶ 11} Accordingly, respondent's motion for summary judgment is granted. Petitioner to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Petition denied. FRANK D. CELEBREZZE, JR., A.J., and MARY EILEEN KILBANE, J., CONCUR *Page 1