[Cite as *State v. Vendler*, 2024-Ohio-2917.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Respondent, :

                            No. 114182

    v. :

VIKTOR VENDLER, :

    Petitioner. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DISMISSED
**DATED:** July 31, 2024

---

Writ of Habeas Corpus
Order No. 576487

---

***Appearances:***

Viktor Vendler, *pro se.*

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} On July 19, 2024, the petitioner, Viktor Vendler, filed what he styled as a "Motion to habeous [sic] corpus." The "petition" reads as follows: "Review criminal case No. CR-24-692453-A for legality and due process/civil rights, court

procedures, and rules of evidence; thereafter, please return said criminal case to status quo."[1] This court dismisses this "petition" for multiple pleading deficiencies.

{¶ 2} R.C. 2725.04(D) requires a habeas corpus petitioner to include a copy of the commitment or cause of detention. Vendler attached nothing to his filing. This is sufficient to dismiss the "petition." *State ex rel. Davis v. Sheldon,* 2022-Ohio-2789, and *Wilson v. Kochevar*, 2004-Ohio-2984 (8th Dist.).

{¶ 3} R.C. 2725.04 further requires a habeas corpus petition to be verified. In *Chari v. Vore*, 91 Ohio St.3d 323, 327 (2001), the Supreme Court of Ohio ruled: "'Verification' means a 'formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document.'" *Black's Law Dictionary* (7th Ed. 1999). The Supreme Court of Ohio then reversed the court of appeals' granting of the writ and awarding of relief and held that the cause should have been summarily dismissed because the petition was procedurally defective. Vendler did not verify his "petition." *Griffin v. McFaul*, 2007-Ohio-5506.

{¶ 4} Vendler also failed to name the proper respondent. R.C. 2725.04(B) requires that the petitioner specify the officer or name of the person by whom the prisoner is so confined or restrained. In *Hamilton v. Collins,* 2003-Ohio-4104, ¶ 3

---

[1] In the underlying case, *State v. Vendler*, Cuyahoga C.P. No. CR-24-692453-A, the grand jury indicted Vendler on two counts of aggravated murder that occurred in September 2023, kidnapping, tampering with evidence, and abuse of a corpse. The docket shows that he was arrested on May 29, 2024. The trial court has appointed counsel, set bail at $1,000,000, and scheduled pretrials.

(11th Dist.), the court of appeals held that in considering the legal sufficiency of a habeas-corpus claim, "such claims can be maintained only against the jailer or warden who presently has legal custody of the individual." Using the case caption of the underlying case does not fulfill this requirement. *State v. Donaldson,* 2014-Ohio-5558 (8th Dist.).

{¶ 5} R.C. 2725.04 provides that a writ of habeas corpus shall be by petition. Filing a motion for an extraordinary writ is improper and grounds for dismissal. *State ex rel. Simms v. Sutula,* 81 Ohio St.3d 110 (1998).

{¶ 6} Accordingly, this court dismisses this "motion to habeous [sic] corpus." Petitioner to pay costs. This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 7} Writ dismissed.

_____
FRANK DANIEL CELEBREZZE, III, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
SEAN C. GALLAGHER, J., CONCUR