THE STATE EX REL. BRANTLEY, APPELLANT, *v.* GHEE, APPELLEE.

[Cite as *State ex rel. Brantley v. Ghee* (1997), 80 Ohio St.3d 287.]

(No. 97–482—Submitted October 7, 1997—Decided November 19, 1997.)

*Gregory Brantley, pro se.*

**Per Curiam.**

### *Motion to Supplement Record*

Brantley initially requests that the court supplement the record on appeal with documents he has filed in the Court of Appeals for Franklin County. S.Ct. Prac.R. V(6) provides that in appeals to this court, "[i]f any part of the record is not transmitted to the Supreme Court but is necessary to the Supreme Court's consideration of the questions presented on appeal, the Supreme Court, on its own initiative or upon stipulation of the parties or motion of a party, may direct that a supplemental record be certified and transmitted to the Clerk of the Supreme Court." The Franklin County records are not part of the applicable record here, see S.Ct.Prac.R. V(1), nor are they necessary to the court's review of

the merits of this appeal. In addition, " '[a] reviewing court cannot add matter to the record before it, which was not part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.' " *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 162, 656 N.E.2d 1288, 1293, quoting *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, paragraph one of the syllabus. Accordingly, we deny Brantley's motion to supplement the record.

## Merits

Brantley asserts in his two propositions of law that the court of appeals erred by denying the writ of habeas corpus. The court of appeals, however, properly denied the writ for the following reasons.

First, as the court of appeals properly concluded, Brantley's claimed violation of his right to a speedy trial is not cognizable in habeas corpus. *State ex rel. Brantley v. Anderson* (1997), 77 Ohio St.3d 446, 674 N.E.2d 1380. Second, Brantley did not attach commitment papers pertinent to his claim challenging the APA's revocation of his parole. *Brown v. Rogers* (1995), 72 Ohio St.3d 339, 341, 650 N.E.2d 422, 423. Third, Brantley was not entitled to a writ of habeas corpus on his sentence-reduction claim because he did not contend that he was thereby entitled to release from prison. *Swiger v. Seidner* (1996), 74 Ohio St.3d 685, 687, 660 N.E.2d 1214, 1216 (habeas corpus lies only if the petitioner is entitled to immediate release from custody). Finally, *res judicata* precluded Brantley's filing of successive habeas corpus petitions. See *State ex rel. Richard v. Seidner* (1996), 77 Ohio St.3d 68, 671 N.E.2d 28; *Brantley, supra.*

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.