[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 423.]

TUCKER, APPELLANT, *v.* MCANINCH ET AL., APPELLEES.

[Cite as *Tucker v. McAninch*, 1998-Ohio-220.]

*Habeas corpus to compel relator's immediate release from prison—Petition dismissed, when.*

(No. 97-2618—Submitted June 24, 1998—Decided July 29, 1998.)

APPEAL from the Court of Appeals for Ross County, No. 97 CA 2339.

————————

{¶ 1} In 1983, appellant, Douglas Tucker, was convicted of rape and aggravated burglary and sentenced to concurrent prison terms of seven to twenty-five years and four to twenty-five years.

{¶ 2} In 1997, Tucker filed a petition in the Court of Appeals for Ross County for a writ of habeas corpus to compel his immediate release from prison. Tucker claimed that appellee Ohio Adult Parole Authority ("APA") had revoked his parole without complying with the minimum due process standards specified in *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484. Although Tucker attached a copy of his 1983 conviction, he did not attach any parole revocation decision. Appellees, the APA and Tucker's prison warden, filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

{¶ 3} The court of appeals granted appellees' motion and dismissed Tucker's habeas corpus petition.

{¶ 4} This cause is now before this court upon an appeal as of right.

————————

*Douglas Tucker, pro se.*

————————

***Per Curiam.***

**{¶ 5}** We affirm the judgment of the court of appeals for the following reasons. First, Tucker did not attach commitment papers pertinent to his claim challenging the APA's parole revocation. *State ex rel. Brantley v. Ghee* (1997), 80 Ohio St.3d 287, 288, 685 N.E.2d 1243, 1244. Second, " '[a]s long as an unreasonable delay has not occurred, the remedy for noncompliance with the *Morrissey* parole-revocation due process requirements is a new hearing, not outright release from prison.' " *State ex rel. Carrion v. Ohio Adult Parole Auth.* (1998), 80 Ohio St.3d 637, 638, 687 N.E.2d 759, 760, quoting *State ex rel. Jackson v. McFaul* (1995), 73 Ohio St.3d 185, 188, 652 N.E.2d 746, 749. Here, as in *Carrion*, the petitioner did not allege any unreasonable delay.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

––––––––––––––––––