[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 404.]

THE STATE EX REL. COTTON, APPELLANT, *v.* GHEE, APPELLEE.

[Cite as *State ex rel. Cotton v. Ghee*, 1998-Ohio-215.]

*Habeas corpus to compel relator's release from prison—Petition dismissed, when.*

(No. 98-448—Submitted June 24, 1998—Decided July 29, 1998.)

APPEAL from the Court of Appeals for Richland County, No. 97CA125.

————————————

{¶ 1} In November 1997, the Richland County Court of Appeals dismissed the petition of appellant, Milton Cotton, for a writ of habeas corpus to compel his release from prison. In December 1997, Cotton filed a document in the court of appeals that the court treated as a second habeas corpus petition. The court of appeals granted appellee's motion for summary judgment and dismissed the petition.

{¶ 2} This cause is now before the court upon an appeal as of right.

————————————

*Milton Cotton, pro se.*

*Betty D. Montgomery*, Attorney General, and *Marci L. Cannon*, Assistant Attorney General, for appellee.

————————————

***Per Curiam.***

{¶ 3} We affirm the judgment of the court of appeals. Insofar as Cotton's December 1997 filing may be construed as a successive habeas corpus petition, *res judicata* precluded its filing. *State ex rel. Brantley v. Ghee* (1997), 80 Ohio St.3d 287, 288, 685 N.E.2d 1243, 1244. And even if the court of appeals should not have treated Cotton's December 1997 filing as a second habeas corpus petition, he had an adequate remedy in the ordinary course of law by appealing the court of appeals' November 1997 dismissal of his initial petition. Cotton's postjudgment filings did

not extend the time for him to perfect an appeal from the November 1997 judgment. See, *e.g., Key v. Mitchell* (1998), 81 Ohio St.3d 89, 90-91, 689 N.E.2d 548, 549.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____