**[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 427.]**

CHILDERS, APPELLANT, *v*. WINGARD, WARDEN, APPELLEE.

[Cite as *Childers v. Wingard*, 1998-Ohio-27.]

*Habeas corpus to compel warden to release petitioner from prison—Petition properly dismissed by court of appeals, when.*

(No. 98-1405—Submitted September 29, 1998—Decided October 28, 1998.)

APPEAL from the Court of Appeals for Madison County, No. CA98-03-016.

_____

{¶ 1} In 1994, appellant, Thomas J. Childers, was convicted of six counts of receiving stolen property and one count of having weapons while under disability, and of accompanying firearm specifications. Before sentencing, Childers entered into an agreement with the state in which he agreed to assist law enforcement officials and to waive his right to appeal in return for the state's recommendation that he receive a certain sentence. The common pleas court sentenced him to an aggregate indefinite prison term of eight to twenty years to be served consecutively to an aggregate three-year term of actual incarceration for the firearm specifications. The court ordered that some of the indefinite terms for the receiving stolen property convictions would be served consecutively to each other. Despite the agreement, Childers appealed his convictions, claiming, among other things, that the trial court should have merged his receiving stolen property convictions when it sentenced him. The court of appeals affirmed the judgment of the trial court.

{¶ 2} In 1998, Childers filed a petition in the Court of Appeals for Madison County for a writ of habeas corpus to compel appellee, Warden Curtis Wingard, to release him from prison. Childers contended that his sentence was illegal because the state had misled and deceived him into signing the presentence agreement when

the state knew that his convictions should have been merged. The court of appeals granted Wingard's Civ.R. 12(B)(6) motion and dismissed the petition.

_____

*Thomas J. Childers, pro se.*

_____

***Per Curiam.***

{¶ 3} Childers asserts that the court of appeals erred in dismissing his petition. For the following reasons, however, the court of appeals properly dismissed the habeas corpus petition.

{¶ 4} First, Childers has or had adequate remedies at law by appeal or postconviction relief to review the alleged sentencing error. *State ex rel. Massie v. Rogers* (1997), 77 Ohio St.3d 449, 450, 674 N.E.2d 1383, 1383. Sentencing errors are not jurisdictional and are not cognizable in habeas corpus. *Majoros v. Collins* (1992), 64 Ohio St.3d 442, 443, 596 N.E.2d 1038, 1039.

{¶ 5} Second, Childers has already raised an analogous claim of sentencing error in his direct appeal. Where a plain and adequate remedy at law has been unsuccessfully invoked, extraordinary relief is not available to relitigate the same issue. See *State ex rel. Sampson v. Parrott* (1998), 82 Ohio St.3d 92, 93, 694 N.E.2d 463.

{¶ 6} Finally, *res judicata* barred Childers from filing successive habeas corpus petitions. *State ex rel. Brantley v. Ghee* (1997), 80 Ohio St.3d 287, 288, 685 N.E.2d 1243, 1244. Childers's previous habeas corpus petition had been dismissed by the court of appeals. See *VanBuskirk v. Wingard* (1997), 80 Ohio St.3d 659, 687 N.E.2d 776, where we affirmed the dismissal of Childers's petition.

{¶ 7} Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____