JOURNAL ENTRY AND OPINION
Petitioner is the defendant in State v. Smith, Cuyahoga County Court of Common Pleas Case No. CR-369525. Petitioner filed a motion to dismiss the indictment in Case No. CR-369525. He avers that the ground for his motion to dismiss was that his right to a speedy trial had been violated because he remained incarcerated while awaiting trial longer than the period permitted under R.C. 2945.71, et seq. Petitioner requests that this court issue a writ of habeas corpus requiring his immediate release from confinement.
A copy of the commitment or cause of detention has not been attached to the petition as required by R.C. 2725.04(D). In Prather v. Brigano (1999), 86 Ohio St.3d 609, 716 N.E.2d 197:
 * * * Prather claimed that he was entitled to the writ because his trial court failed to comply with the statutory speedy-trial requirements. Prather did not attach a copy of his commitment papers to his petition. The court of appeals granted Brigano's Civ.R. 12(B)(6) motion and dismissed the petition for failure to state a claim upon which relief can be granted.
* * *
 The court of appeals did not err in dismissing Prather's habeas corpus petition. Prather's speedy-trial claim is not cognizable in habeas corpus. State ex rel. Brantley v. Ghee (1997), 80 Ohio St.3d 287, 288, 685 N.E.2d 1243, 1244. In addition, Prather did not attach his commitment papers to his petition. Tucker v. McAninch (1998), 82 Ohio St.3d 423, 696 N.E.2d 595, 596. Based on the foregoing, we affirm the judgment of the court of appeals.
Id.at 197-198. Likewise, in this action, petitioner has failed to state a claim in habeas corpus. His speedy-trial claim is not cognizable in habeas corpus, and he has failed to attach his commitment papers to the petition. to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
 _________________ DYKE, P.J.:
FRANK D. CELEBREZZE, JR., J. AND TERRENCE O'DONNELL, J., CONCUR.