TRAVIS, APPELLANT, *v.* BAGLEY, WARDEN, APPELLEE.

[Cite as *Travis v. Bagley* (2001), 92 Ohio St.3d 322.]

(No. 01–367—Submitted June 20, 2001—Decided July 18, 2001.)

*Per Curiam.* In 1988, appellant, Bernard W. Travis, was convicted of kidnapping, rape, attempted rape, felonious assault, and gross sexual imposition, and he was sentenced to prison. On appeal, his convictions were affirmed. *State v. Travis* (Apr. 16, 1990), Cuyahoga App. No. 56825, unreported, 1990 WL 40573.

In December 2000, Travis filed a petition in the Court of Appeals for Richland County for a writ of habeas corpus to compel his release from prison. Travis claimed that his trial court had denied him his constitutional right to a speedy trial. In January 2001, the court of appeals dismissed the petition.

This cause is now before the court upon Travis's appeal as of right.

We affirm the judgment of the court of appeals for the reasons stated in its opinion. A claimed violation of a criminal defendant's right to a speedy trial is not cognizable in habeas corpus. *Brown v. Leonard* (1999), 86 Ohio St.3d 593, 716 N.E.2d 183; *Mack v. Maxwell* (1963), 174 Ohio St. 275, 22 O.O.2d 335, 189 N.E.2d 156. Instead, appeal is the appropriate remedy. *State ex rel. Brantley v. Anderson* (1997), 77 Ohio St.3d 446, 674 N.E.2d 1380.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---

*Bernard W. Travis, pro se.*

*Betty D. Montgomery,* Attorney General, and *Mark J. Zemba,* Assistant Attorney General, for appellee.