[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 322.]

TRAVIS, APPELLANT, *v.* BAGLEY, WARDEN, APPELLEE.

[Cite as *Travis v. Bagley*, 2001-Ohio-198.]

*Habeas corpus sought to compel relator's release from prison—Dismissal of petition affirmed—Claimed violation of a criminal defendant's right to a speedy trial is not cognizable in habeas corpus—Appeal is proper remedy for alleged violation of speedy trial right.*

(No. 01-367—Submitted June 20, 2001—Decided July 18, 2001.)

APPEAL from the Court of Appeals for Richland County, No. 00-CA-102.

_____

*Per Curiam.*

{¶ 1} In 1988, appellant, Bernard W. Travis, was convicted of kidnapping, rape, attempted rape, felonious assault, and gross sexual imposition, and he was sentenced to prison. On appeal, his convictions were affirmed. *State v. Travis* (Apr. 16, 1990), Cuyahoga App. No. 56825, unreported, 1990 WL 40573.

{¶ 2} In December 2000, Travis filed a petition in the Court of Appeals for Richland County for a writ of habeas corpus to compel his release from prison. Travis claimed that his trial court had denied him his constitutional right to a speedy trial. In January 2001, the court of appeals dismissed the petition.

{¶ 3} This cause is now before the court upon Travis's appeal as of right.

{¶ 4} We affirm the judgment of the court of appeals for the reasons stated in its opinion. A claimed violation of a criminal defendant's right to a speedy trial is not cognizable in habeas corpus. *Brown v. Leonard* (1999), 86 Ohio St.3d 593, 716 N.E.2d 183; *Mack v. Maxwell* (1963), 174 Ohio St. 275, 22 O.O.2d 335, 189 N.E.2d 156. Instead, appeal is the appropriate remedy. *State ex rel. Brantley v. Anderson* (1997), 77 Ohio St.3d 446, 674 N.E.2d 1380.

*Judgment affirmed.*

M<span>OYER</span>, C.J., D<span>OUGLAS</span>, R<span>ESNICK</span>, F.E. S<span>WEENEY</span>, P<span>FEIFER</span>, C<span>OOK</span> and L<span>UNDBERG</span> S<span>TRATTON</span>, JJ., concur.

———————————

*Bernard W. Travis, pro se*.

*Betty D. Montgomery*, Attorney General, and *Mark J. Zemba*, Assistant Attorney General, for appellee.

———————————