DECISION AND JUDGMENT ENTRY
Petitioner-Appellant David D. Palmer appeals from the judgment of the Pickaway County Court of Common Pleas, which dismissed his petition for a writ of habeas corpus. Appellant argues that his statutory speedy-trial rights under R.C. 2945.71 et seq., were violated and thus his conviction is void. Accordingly, appellant concludes that the dismissal of his petition was erroneous. We disagree and affirm the judgment of the trial court.
 I. Appellant's Conviction and Direct Appeal
In 1996, pursuant to a negotiated plea agreement, Petitioner-Appellant David D. Palmer pled no contest to two counts of rape of a person under thirteen years of age. Both counts were first-degree felonies in violation of R.C. 2907.02(A)(1)(b). The Montgomery County Court of Common Pleas accepted appellant's plea, found him guilty of the charges, and imposed sentence upon him. Appellant filed a direct appeal from that judgment, alleging that the lower court erred by not dismissing the charges against him because of the violation of his statutory right to a speedy trial and also because the indictment was defective. The Second District Court of Appeals affirmed appellant's conviction finding that he had waived his rights to a speedy trial in writing. See State v. Palmer (July 25, 1997), Montgomery App. No. 16017, unreported.
 II. Appellant's Petition for a Writ of Habeas Corpus
In December 2000, appellant filed a petition for a writ of habeas corpus in the Pickaway County Court of Common Pleas. In his petition, appellant argued that his conviction was void because his speedy-trial rights were violated and thus, the Montgomery Court of Common Pleas had no jurisdiction to convict and sentence him. Subsequently, Respondent-Appellee the Attorney General of Ohio filed a motion to dismiss appellant's petition. The Attorney General sought the dismissal on the grounds that a claimed denial of the right to a speedy trial is not cognizable in habeas corpus. The Attorney General also argued that appellant's claim was barred by the doctrine of res judicata because this issue had already been addressed in appellant's direct appeal.
In February 2001, the trial court dismissed appellant's petition based on the reasons raised in the Attorney General's brief.
 III. The Appeal
Appellant appeals the trial court's decision dismissing his petition for a writ of habeas corpus and presents the following assignments of error for our review.
First Assignment of Error:
 THE COURT ACTED IN EXCESS OF IT'S [SIC] AUTHORITY WHEN IT FAILED TO READ APPELLANT'S PRO SE SUBMISSIONS, OR IN THE ALTERNATIVE, THE COURT ACTED IN BAD FAITH IN COLLUSION WITH THE ATTORNEY GENERAL BY DISMISSING APPELLANT'S APPLICATION KNOWING RESPONDENT'S REPRESENTATIONS WERE FRAUDULENT.
Second Assignment of Error:
 THE HONORABLE TRIAL COURT ERRED IN FAILING TO HOLD AN EVIDENTIARY HEARING IN THE FACE OF UNCONTROVERTED AFFIDAVIT EVIDENCE EXPOSING A FRAUD ON THE PART OF RESPONDENT ALLEDGING [SIC] A "WAIVER" OF APPELLANT'S CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL.
Third Assignment of Error:
 THE COURT ERRED IN FINDING THAT A "WAIVER" EXTORTED FROM APPELLANT EFFECTIVELY WAIVED APPELLANT'S SPEEDY TRIAL RIGHTS, AND IN BEING CONTEMPTUOUS OF PRO SE APPLICANT'S SUBMISSIONS IN FLAGRANT CONTEMPT FOR THE RULE OF LAW, AND APPELLANT'S RIGHT TO DUE PROCESS.
Although appellant's assignments of error raise issues and factual allegations that are beyond the scope of the record presented to this Court for our review, in the interest of justice, we will address whether appellant's petition for a writ of habeas corpus was properly dismissed by the trial court.
The Supreme Court of Ohio has made it very clear that, "A claimed violation of a criminal defendant's right to a speedy trial is not cognizable in habeas corpus." Travis v. Bagley (2001), 92 Ohio St.3d 322,323, 750 N.E.2d 166, 166; see, also, Brown v. Leonard (1999),86 Ohio St.3d 593, 716 N.E.2d 183; Prather v. Brigano (1999),86 Ohio St.3d 609, 716 N.E.2d 197; Russell v. Mitchell (1999),84 Ohio St.3d 328, 703 N.E.2d 1249; State ex rel. Brantley v. Ghee (1997), 80 Ohio St.3d 287, 685 N.E.2d 1243; Williams v. Brigano (1997),78 Ohio St.3d 413, 678 N.E.2d 568; State ex rel. Brantley v. Anderson (1997), 77 Ohio St.3d 446, 674 N.E.2d 1380; State ex rel. Dotson v. Rogers (1993), 66 Ohio St.3d 25, 607 N.E.2d 453; Russell v. Tate (1992),64 Ohio St.3d 444, 596 N.E.2d 1039.
Moreover, the Supreme Court of Ohio has held that an appeal is a defendant's appropriate remedy when raising a violation of his or her right to a speedy trial. See id.
In the case sub judice, appellant has attempted to raise an alleged violation of his right to a speedy trial in habeas corpus. This issue is not cognizable in habeas corpus and should be addressed on direct appeal. See id.
Furthermore, appellant has previously challenged his conviction on direct appeal, alleging that his right to a speedy trial was violated. The Second District Court of Appeals affirmed his conviction, finding no violation of appellant's right to a speedy trial. See State v. Palmer (July 25, 1997), Montgomery App. No. 16017, unreported.
Therefore, not only is appellant's claim not cognizable in habeas corpus, it has been addressed by the Second District Court of Appeals and is barred from being re-litigated pursuant to the doctrine of res judicata. See Russell v. Mitchell, 84 Ohio St.3d at 329,703 N.E.2d at 1249; Williams v. Brigano, 78 Ohio St.3d at 414, 678 N.E.2d at 569; Russell v. Tate, 64 Ohio St.3d at 444, 596 N.E.2d at 1039.
Since appellant's alleged speedy-trial rights violation is not cognizable through a petition for a writ of habeas corpus and his claims are barred by res judicata, we AFFIRM the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
This Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the PICKAWAY COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of the entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J., and Harsha, J.: Concur in Judgment and Opinion.