OPINION
In July 2000, plaintiff, Karen Huffman, filed a complaint for divorce against the defendant, Ronald Carroll Huffman. Plaintiff's complaint was eventually tried by agreed reference before the Honorable Donald Cox in February 2001. A decision and order granting the parties a divorce was rendered on April 5, 2001. Thereafter, defendant moved the court for a new trial arguing that the court had failed to properly consider tax consequences when rendering its decision. The court overruled that motion finding that all of the evidence submitted regarding tax consequences had been taken into consideration. Defendant subsequently filed this appeal raising the following three assignments of error:
 1. TRIAL COURT ERRED IN AWARDING THE SUM OF $3,041.66 MONTH IN SPOUSAL SUPPORT FOR THREE YEARS AND TWO MONTHS, FINDING THAT "EQUALIZE THE PARTIES INCOME FOR THE NEXT THREE YEARS AND TWO MONTHS." [Sic.]
 2. THE TRIAL COURT ABUSED ITS DISCRETION IN DIVIDING THE PROPERTY PURSUANT TO 3105.071 BY FAILING TO TAKE INTO ACCOUNT THE TAX CONSEQUENCES AND AWARDING TO THE PLAINTIFF $228,000.00 FROM THE BUSINESS CHECKING ACCOUNT WITHOUT TAKING INTO ACCOUNT THAT THOSE FUNDS WERE PRE-TAX DOLLARS WITH INCOME TAX OWED THEREON.
 3. THE TRIAL COURT ERRED IN FAILING TO GIVE THE DEFENDANT PROPER CREDIT FOR HIS PRE-MARITAL ASSETS IN TERMS OF FUNDS INVESTED IN HIS PRE-MARITAL HOME AND IN HIS RETIREMENT ACCOUNTS.
In his first assignment of error, defendant argues that the trial court erred in awarding plaintiff $3,041.66 per month in spousal support for a period of three years and two months. Defendant contends that this award is inappropriate because the trial court allegedly failed to consider tax consequences in violation of R.C. 3105.18.
R.C. 3105.18(C)(1) sets forth several factors which a trial court must consider when determining whether to award spousal support. It provides as follows:
 (1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support * * * the court shall consider all of the following factors:
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
(h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
As provided for in R.C. 3105.18, a trial court has broad discretion to determine the proper amount of spousal support based on the particular facts and circumstances of each case. Kunkle v. Kunkle (1990),51 Ohio St.3d 64, 67. Stated alternatively, a trial court's award of spousal support will not be disturbed absent an abuse of discretion. Id. An abuse of discretion constitutes more than an error of law or judgment. Rather, it implies that the court's attitude was clearly unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Although the defendant argues that the trial court clearly failed to consider the proper criteria contained in R.C. 3105.18, he provides no substantive support for this argument. In its decision and order, the trial court ruled upon the issue of spousal support as follows:
 The parties have been married for thirteen (13) years. Plaintiff is enrolled in college and currently has no job.
 Plaintiff has an ability to earn $15,000.00 per year with her existing skills.
 Defendant earns approximately $88,000.00 per year based upon his income tax returns for the past two (2) years.
 A marriage of thirteen (13) years in duration with active participation by Plaintiff in Defendant's business and a lack of skills and education by Plaintiff supports a need for a short period of spousal support.
 The Court finds that spousal support should be paid to Plaintiff for a period of three (3) years and two (2) months.
 The Court finds that an award of $3,041.66 per month would equalize the parties' income for the next three (3) years and two (2) months. [6/18/01 Decision and Order at 5.]
In response to the defendant's motion for new trial in which defendant argued that the court had failed to consider the tax consequences of its support award, the trial court explained and clarified its ruling as follows:
 Now comes the Court to consider Defendant's Motion for New Trial/Reconsideration.
 The Court finds that the Court properly considered all evidence of tax consequences introduced at trial, and its award of spousal support is reasonable and appropriate under all the fact [sic] and circumstances.
 Further, the spousal support obligation terminating upon the death of either party or the remarriage of the recipient as a matter of law, and the support is therefore fully deductible under the United States Tax Code.
 The Court in reaching its amount for spousal support took into consideration all tax consequences. If the Court had failed to consider tax consequences, the award of spousal support would have been higher. [6/19/01 Entry.]
Other than speculation, defendant provides this court with no substantive evidence from which we could determine that the trial court abused its discretion. Moreover, when a trial court specifically indicates that it has reviewed the appropriate statutory factors, there is a strong presumption that the factors were indeed considered. Babka v. Babka (1992), 83 Ohio App.3d 428, 435. Accordingly, defendant's first assignment of error is overruled.
In his second assignment of error, defendant claims that the trial court failed to consider the tax consequences before it awarded the plaintiff one half of the parties' business checking account. In its decision, the trial court addressed the parties' business interests as follows:
 The Court finds that the Defendant owns Industrial Manufacturer Services (IMS). Both parties contributed significant time, effort and energy developing this business during the marriage.
 The business has few assets. There has been no evaluation of the business. The parties agree that there was $475,000.00 in the business checking account as of January 1, 2001.
 The dispute between the parties centers upon the value of accounts receivable and accounts payable.
 The Court finds that a fair method of evaluation is to add the accounts receivable ($68,379.00) and subtract the amount of the accounts payable ($87,303.69). The Court chooses to ignore all arguments from both parties to adjust these numbers.
 The value of furniture, computers and supplies is negligible.
 The Court finds the value of the business is $456,075.31. All of this value is marital property.
 The Court finds that Plaintiff is entitled to receive $228,037.66 as her share of the business assets. [6/18/01 Decision and Order at 3-4.]
As in his first assignment of error, defendant argues in his second assignment of error that the trial court erred when it allegedly failed to take into consideration the "tax consequences" associated with the division and award of the parties' business assets. However, defendant's second assignment of error suffers from the same deficiencies as his first. Namely, the defendant has provided this court with no findings of fact, conclusions of law, or substantive evidence from which we could conclude that the trial court acted in a clearly unreasonable, arbitrary, or unconscionable manner. See Blakemore, supra. Moreover, the trial transcript reveals that both parties introduced the checking account balance as evidence of the value of the business. Finally, defendant's reference to evidence which lies outside of the appellate record in this case cannot be considered in support of his assignment of error. State ex rel. Brantley v. Ghee (1997), 80 Ohio St.3d 287. As such, defendant's second assignment of error is also overruled.
In his third and final assignment of error, defendant argues that the trial court failed to give the defendant credit for premarital assets invested in his residence and retirement accounts. Again, defendant produced no substantive evidence in support of these claims at trial. When questioned by the trial court concerning the lack of evidence offered in support of his claims, the following dialogue took place:
 THE COURT: Now, you've indicated and asked this Court to give you certain credits for — in terms of this division of property for property or cash that you say you had coming into the marriage; is that accurate?
[DEFENDANT]: Correct.
 THE COURT: And we've gone through all of that, but as I understand it from your testimony on Tuesday, and again your testimony today, in terms of the documents that would show how much money you received, for instance, as an example from the sale or from this lawsuit that you filed in Florida, you don't have any documents that shows [sic] how much money you received?
 [DEFENDANT]: In my possession at this time, no, I don't.
THE COURT: What does that mean?
 [DEFENDANT]: All those records were-I had all of those records, Your Honor.
 THE COURT: When did you find out that you were missing these records?
 [DEFENDANT]: Here in the last month or so when I was asked to look for them.
 THE COURT: When you found this information, apparently between Tuesday and today concerning the suit that you filed down in Florida to collect the money that you say was due and owing you, did you call the Florida courts to find out if there's an entry that says how much you were paid?
[DEFENDANT]: No, I didn't.
 THE COURT: Do you believe there to be an entry with the Florida court that would say how much you [were] paid?
[DEFENDANT]: I would assume that there would be.
 THE COURT: Doesn't that have some appeal to you that that entry alone would resolve this whole dispute as to how much you were paid?
[DEFENDANT]: No, Your Honor. * * *
 THE COURT: So you don't — see the problem I have is when I go to calculate what credits you should be given for the money that was from this transaction in Florida, I don't know whether to use 12,000, 15,000, 18,000, 20,000, 6,000, I don't know what number to use.
 [DEFENDANT]: I understand that, Your Honor, and I'm sure that whatever number you use is based on the information supplied by me, and if I didn't supply correctly then I guess it's my fault.
 THE COURT: I mean I just want you to understand the dilemma that you're in—
[DEFENDANT]: I do, I accept it.
 THE COURT: — by not having records to demonstrate what it is you're testifying to. [Tr. Vo. II, 43-44.]
Afterward, after both parties had rested, the court left the record open in order to allow the parties to introduce any additional evidence they desired. However, the defendant did not introduce any additional evidence as to any of the three issues which he now raises on appeal.
We conclude by observing that in addition to stating that it had reviewed R.C. 3105.18 in making its determination, the trial court noted specific factors that were particularly relevant to the case. The trial court mentioned the age of the parties, the length of the marriage, the disparity in the parties' earnings, the parties' income earning capacity, the disparity in the parties' education, and the lifestyle established during the marriage as particularly relevant factors. It also clearly stated that it had considered all of the relevant factors and evidence presented. Given the absence of any evidence from which we could conclude that the trial court abused its discretion in this matter, we hereby overrule the defendant's third assignment of error.
For the foregoing reasons, all three of defendant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
PAINTER, J., concurs.
BRYANT, J., concurs separately.
PAINTER, J., of the First Appellate District, sitting by assignment in the Tenth Appellate District.