JOURNAL ENTRY AND OPINION
{¶ 1} Petitioner, Tyrone Griffin, is the defendant in State v.Griffin, Cuyahoga County Court of Common Pleas Case Nos. CR-410027, 412141 and 420954. Griffin avers that he is in the custody of respondent sheriff. Griffin complains that his being in custody is unlawful and that he is entitled to relief in habeas corpus because: he has been denied his right to a speedy trial; the court of common pleas illegally placed him under post-release control in Case Nos. CR-291439, 367442 and 370897; the Adult Parole Authority does not have authority to arrest or supervise him under post-release control; and the days spent in custody since his arrest should be credited toward his present indictment. For the reasons stated below, we dismiss the petition sua sponte.
 {¶ 2} There are several procedural defects in the petition. "[T]he relator failed to support his complaint with an affidavit specifying the details of the claim as required by Local Rule 45(B)(1)(a). State exrel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported.
 {¶ 3} "* * * Moreover, he failed to include the addresses of the parties as required by Civ.R. 10(A). In State ex rel. Sherrills v. TheState of Ohio (2001), 91 Ohio St.3d 133, 742 N.E.2d 651, the Supreme Court of Ohio listed these failures as proper reasons for dismissal of a habeas petition." State ex rel. Woods v. State (May 21, 2001), Cuyahoga App. No. 79577, at 2-3.
 {¶ 4} Likewise, in this action, Griffin has not supported the petition with an affidavit specifying the details of the claim and did not include the address of McFaul. As indicated in Woods, these grounds alone are sufficient for dismissal of this action. Additionally, Griffin has not attached a copy of the commitment papers to the petition. SeeSherrills, supra, citing R.C. 2725.04(D) and Sidle v. Ohio Adult ParoleAuth. (2000), 89 Ohio St.3d 520, 733 N.E.2d 1115. Compliance with R.C.2725.04(D) requires attachment of the journal entry causing Griffin's detention.
 {¶ 5} "* * * Additionally, relator `did not file an R.C. 2969.25(A) affidavit describing each civil action or appeal of a civil action he had filed in the previous five years in any state or federal court and also did not file an R.C. 2969.25(C) certified statement by his prison cashier setting forth the balance in his private account for each of the preceding six months.' State ex rel. Hunter v. Cuyahoga Cty. Court ofCommon Pleas (2000), 88 Ohio St.3d 176, 177, 724 N.E.2d 420, 421. As a consequence, we deny relator's claim of indigency and order him to pay costs. Id. at 420." State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, at 3-4. Likewise, in this action, Griffin has failed to support his complaint with the affidavit required by R.C.2969.25(A). As a consequence, we order relator to pay costs.
 {¶ 6} Griffin has not complied with the requirements of R.C.2725.04, R.C. 2969.25, Loc.App.R. 45(B)(1)(a) and Civ.R. 10(A). In light of the authorities cited above, we are required to dismiss the petition in habeas corpus.
 {¶ 7} We also dismiss the petition because it fails to state a claim for relief in habeas corpus. As stated above, Griffin complains that he was denied his right to a speedy trial. "A claimed violation of a criminal defendant's right to a speedy trial is not cognizable in habeas corpus. Brown v. Leonard (1999), 86 Ohio St.3d 593, 716 N.E.2d 183; Mackv. Maxwell (1963), 174 Ohio St. 275, 22 Ohio Op.2d 335, 189 N.E.2d 156. Instead, appeal is the appropriate remedy. State ex rel. Brantley v.Anderson (1997), 77 Ohio St.3d 446, 674 N.E.2d 1380." Travis v. Bagley,92 Ohio St.3d 322, 323, 2001-Ohio-198, 750 N.E.2d 166. Griffin cannot, therefore, maintain his claim for relief in habeas corpus based upon his right to a speedy trial.
 {¶ 8} Similarly, Griffin's arguments regarding the application of post-release control are not well taken. This court has previously determined that R.C. 2967.28(C) authorizes the Adult Parole Authority "to impose post-release control upon a prisoner once he is released from prison" and that "the issue of whether a defendant was properly sentenced and subject to post-release control can be addressed through appeal."State ex rel. Hite v. State, Cuyahoga App. No. 79734, 2002-Ohio-807, at 4, citing Pratts v. Ohio Adult Parole Auth., Cuyahoga App. No. 79897, 2001-Ohio-4163. (In Hite, this court dismissed a complaint in prohibition.)
 {¶ 9} Likewise, Griffin may not maintain his claim that habeas corpus is the remedy for authorizing jail-time credit. In the petition, Griffin avers that he is seeking jail time credit in pending Case Nos. CR-410027, 412141 and 420954. Yet, the duty of the court of common pleas to specify the number of days jail-time credit does not arise until a person is convicted. See R.C. 2949.08 and State ex rel. Ezell v. Corrigan
(Oct. 7, 1999), Cuyahoga App. No. 76722, at 1-2. At best, Griffin's request for relief in habeas corpus regarding jail-time credit is premature.
 {¶ 10} Accordingly, we dismiss this action sua sponte. Griffin to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
PATRICIA ANN BLACKMON, J. DIANE KARPINSKI, J. CONCUR