[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
{¶ 1} Petitioner-Appellant David D. Palmer appeals from the judgment of the Richland County Court of Common Pleas, which dismissed his petition for a writ of habeas corpus.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In 1996, pursuant to a negotiated plea agreement, Petitioner-Appellant David D. Palmer pled no contest to two counts of rape of a person under thirteen years of age. Both counts were first-degree felonies in violation of R.C. § 2907.02(A)(1)(b). The Montgomery County Court of Common Pleas accepted appellant's plea, found him guilty of the charges, and imposed sentence upon him.
 {¶ 3} Appellant filed a direct appeal from that judgment, alleging that the lower court erred by not dismissing the charges against him because of the violation of his statutory right to a speedy trial and also because the indictment was defective. The Second District Court of Appeals affirmed appellant's conviction finding that he had waived his rights to a speedy trial in writing.
 {¶ 4} In December 2000, appellant filed a petition for a writ of habeas corpus in the Pickaway County Court of Common Pleas. In his petition, appellant argued that his conviction was void because his speedy-trial rights were violated and thus, the Montgomery Court of Common Pleas had no jurisdiction to convict and sentence him.
 {¶ 5} Subsequently, Respondent, the Attorney General of Ohio, filed a motion to dismiss appellant's petition. The Attorney General sought the dismissal on the grounds that a claimed denial of the right to a speedy trial is not cognizable in habeas corpus. The Attorney General also argued that appellant's claim was barred by the doctrine of res judicata because this issue had already been addressed in appellant's direct appeal.
 {¶ 6} In February 2001, the trial court dismissed appellant's petition based on the reasons raised in the Attorney General's brief.
 {¶ 7} Petitioner-Appellant appealed this decision to the Fourth District Court of Appeals which affirmed the decision of the lower court.
 {¶ 8} Petitioner-Appellant was subsequently transferred to the Richland Correctional Institution.
 {¶ 9} On February 8, 2002, Appellant filed a petition for habeas corpus in the Richland County Court of Common Pleas again arguing that his conviction was void because his speedy-trial rights were violated.
 {¶ 10} On March 13, 2002, Respondent Attorney General filed a motion to dismiss appellant's petition. The Attorney General again sought the dismissal on the grounds that a claimed denial of the right to a speedy trial is not cognizable in habeas corpus. The Attorney General also argued that appellant's claim was barred by the doctrine of res judicata because this issue had already been addressed in appellant's direct appeal.
 {¶ 11} On July 12, 2002, the trial court dismissed appellant's petition based on the reasons that Petitioner-Appellant had an appropriate remedy by way of direct appeal and that the petition was barred by the doctrine of res judicata.
 {¶ 12} It is from this decision that the instant appeal ensues.
 {¶ 13} Petitioner-Appellant raises the following assignments of error:
 ASSIGNMENTS OF ERROR I. {¶ 14} "THE COURT ERRED BY FAILING TO REQUIRE THE RESPONDENT ATTORNEY GENERAL TO PRODUCE EVIDENCE JUSTIFYING THE INCARCERATION OF APPLICANT ONCE APPLICANT HAD PROVEN A PRIMA FACIE CASE OF UNLAWFUL IMPRISONMENT."
 II. {¶ 15} "THE COURT ERRED IN BELIEVING THE REPRESENTATIONS OF THE ATTORNEY GENERAL'S OFFICE ONCE IT HAD IRREFUTABLE EVIDENCE THAT THE ATTORNEY GENERAL'S OFFICE WAS LYING TO JUSTIFY THE INCARCERATION OF APPLICANT."
 III. {¶ 16} "THE COURT ERRED IN FAILING TO GRANT APPLICANT'S HABEAS APPLICATION FORTHWITH ONCE APPLICANT HAD PROVEN HIS INCARCERATION UNLAWFUL, BY THE TRIAL COURT HAVING NO JURISDICTION."
 IV. {¶ 17} "THE COURT ERRED IN PERMITTING THE ATTORNEY GENERAL TO ALLEGE THAT APPLICANT HAD FAILED TO PURSUE HIS DIRECT APPEAL RIGHT WHEN THAT RIGHT WAS THWARTED BY FRAUDULENT REPRESENTATION OF THE ATTORNEY GENERAL WHICH THE ATTORNEY GENERAL WAS COLLATERALLY ESTOPPED AT EQUITY FROM PLEADING."
 V. {¶ 18} "THE COURT ERRED BY STATING NO FUTURE FILINGS CAN BE IN ANY DISTRICT WHERE INMATE IS INCARCERATED. WORDING OF THE ATTORNEY GENERAL ON A FORM NOT PREPARED BY THE COURT, BUT ONLY SIGNED."
 VI. {¶ 19} "THE COURT ERRED IN HOLDING THAT PETITIONER IS BARRED FROM HABEAS RELIEF BY RES JUDICATA."
 {¶ 20} Appellant claims that his statutory speedy-trial rights under R.C. 2945.71 et seq., were violated, that his conviction is therefore void and that the dismissal of his petition was erroneous. We disagree.
 {¶ 21} Upon review of this cause, we hereby adopt the decision of the Fourth District Court of Appeals in Palmer v. State of Ohio, Pickaway App. No. 01CA9, 2001-Ohio-2589, in toto, wherein the Court held:
 {¶ 22} "Although appellant's assignments of error raise issues and factual allegations that are beyond the scope of the record presented to this Court for our review, in the interest of justice, we will address whether appellant's petition for a writ of habeas corpus was properly dismissed by the trial court.
 {¶ 23} "The Supreme Court of Ohio has made it very clear that, "A claimed violation of a criminal defendant's right to a speedy trial is not cognizable in habeas corpus." Travis v. Bagley (2001),92 Ohio St.3d 322, 323, 750 N.E.2d 166, 166; see, also, Brown v. Leonard (1999), 86 Ohio St.3d 593, 716 N.E.2d 183; Prather v. Brigano (1999),86 Ohio St.3d 609, 716 N.E.2d 197; Russell v. Mitchell (1999),84 Ohio St.3d 328, 703 N.E.2d 1249; State ex rel. Brantley v. Ghee (1997), 80 Ohio St.3d 287, 685 N.E.2d 1243; Williams v. Brigano (1997),78 Ohio St.3d 413, 678 N.E.2d 568; State ex rel. Brantley v. Anderson (1997), 77 Ohio St.3d 446, 674 N.E.2d 1380; State ex rel. Dotson v. Rogers (1993), 66 Ohio St.3d 25, 607 N.E.2d 453; Russell v. Tate (1992),64 Ohio St.3d 444, 596 N.E.2d 1039.
 {¶ 24} "Moreover, the Supreme Court of Ohio has held that an appeal is a defendant's appropriate remedy when raising a violation of his or her right to a speedy trial. See id.
 {¶ 25} In the case sub judice, appellant has attempted to raise an alleged violation of his right to a speedy trial in habeas corpus. This issue is not cognizable in habeas corpus and should be addressed on direct appeal. See id.
 {¶ 26} "Furthermore, appellant has previously challenged his conviction on direct appeal, alleging that his right to a speedy trial was violated. The Second District Court of Appeals affirmed his conviction, finding no violation of appellant's right to a speedy trial. See State v. Palmer (July 25, 1997), Montgomery App. No. 16017, unreported.
 {¶ 27} "Therefore, not only is appellant's claim not cognizable in habeas corpus, it has been addressed by the Second District Court of Appeals and is barred from being re-litigated pursuant to the doctrine of res judicata. See Russell v. Mitchell, 84 Ohio St.3d at 329,703 N.E.2d at 1249; Williams v. Brigano, 78 Ohio St.3d at 414, 678 N.E.2d at 569; Russell v. Tate, 64 Ohio St.3d at 444, 596 N.E.2d at 1039."
 {¶ 28} Based on the sound reasoning above, we find appellant's alleged speedy-trial rights violation is not cognizable through a petition for a writ of habeas corpus and his claims are barred by res judicata.
 {¶ 29} Petitioner-Appellant's assignments of error are overruled.
 {¶ 30} The decision of the Richland County Court of Common Pleas is affirmed.
By: Boggins, J. Wise, P.J. and Edwards, J. concur.