BOOKER, APPELLANT, *v.* ANDERSON, WARDEN, APPELLEE.

[Cite as *Booker v. Anderson,* 100 Ohio St.3d 355, 2003-Ohio-6452.]

*Habeas corpus sought to compel relator's release from prison — Dismissal of petition affirmed.*

(No. 2003-1521 — Submitted November 19, 2003 — Decided December 24, 2003.)

APPEAL from the Court of Appeals for Lorain County, No. 03CA008279.

_____

**Per Curiam**.

{¶1} In October 1991, appellant, Kenneth Booker, was convicted of multiple counts of rape and gross sexual imposition and sentenced to prison. On appeal, the court of appeals affirmed the trial court judgment. *State v. Booker* (July 29, 1993), Cuyahoga App. No. 62841, 1993 WL 294799.

{¶2} In May 2003, Booker filed a petition in the Court of Appeals for Lorain County for a writ of habeas corpus to compel appellee, Grafton Correctional Institution Warden Carl S. Anderson, to release him from prison. Booker claimed that he was entitled to immediate release from prison because his speedy-trial rights were violated, the trial court failed to rule on four of his pretrial motions, and his indictment was defective.

{¶3} Anderson moved to dismiss Booker's petition. On July 30, 2003, the court of appeals granted Anderson's motion and dismissed the petition.

{¶4} We affirm the judgment of the court of appeals. Neither a claimed violation of a criminal defendant's right to a speedy trial nor the asserted invalidity of an indictment is cognizable in habeas corpus. *Travis v. Bagley* (2001), 92 Ohio St.3d 322, 323, 750 N.E.2d 166; *Turner v. Ishee*, 98 Ohio St.3d

411, 2003-Ohio-1671, 786 N.E.2d 54, ¶ 7. In addition, he had an adequate remedy by appeal to raise all of his claims.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

_____

Kenneth Booker, pro se.

Jim Petro, Attorney General, and Gregory T. Hartke, Assistant Attorney General, for appellee.

_____