OPINION
{¶ 1} On January 29, 2001, the Cuyahoga County Grand Jury indicted appellant, Willie Ogletree, Jr.,[1] on two counts of aggravated robbery in violation of R.C. 2911.01, two counts of felonious assault in violation of R.C. 2903.11, two counts of kidnapping in violation of R.C. 2905.01 and one count of having a weapon under disability in violation of R.C. 2923.13. The counts carried firearm, prior conviction and repeat violent offender specifications.
 {¶ 2} Following a trial, appellant was found guilty of all of the counts except for the felonious assault counts which had been dismissed. By journal entry filed May 29, 2001, the trial court sentenced appellant to a total aggregate term of thirty-five years in prison. His convictions were affirmed on appeal. Statev. Ogletree, Cuyahoga App. No. 79882, 2002-Ohio-4070.
 {¶ 3} On April 30, 2004, appellant filed a petition for habeas corpus relief in the Court of Common Pleas of Richland County, claiming a violation of his speedy trial rights and jurisdictional issues. By judgment entry filed July 15, 2004, the trial court denied the petition.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "The trial court erred to the substantial prejudice of appellant in violation of his rights to due process; equal protection of the laws; and to have his habeas corpus application request adjudicated constitutionally pursuant the V, VI, and XIV amentments (sic) to the united states constitution; Article One, Sections 10 and 16; and Article Four, Sections 2 and 3 of the Ohio constitution."
 I {¶ 6} Appellant claims the trial court erred in denying his petition for habeas corpus relief pursuant to R.C. Chapter 2725. We disagree.
 {¶ 7} The trial court specifically denied appellant's petition under the authority of In Re Copley (1972),29 Ohio St.2d 35. See, Judgment Entry filed July 15, 2004. We concur with the trial court's analysis that habeas corpus is not the appropriate remedy sub judice. The issues raised in appellant's petition are issues where there exists an adequate remedy at law, direct appeal or postconviction relief pursuant to R.C. 2953.21. See, Jennings v. Jennings, 102 Ohio St.3d 164, 2004-Ohio-2052.
 {¶ 8} The sole assignment of error is denied.
 {¶ 9} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
Farmer, J., Hoffman, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed.
[1] There is a discrepancy as to the correct spelling of appellant's last name. On his brief, the spelling is "Ogaltree." On the trial court's judgment entry and the jacket of the case file, it is spelled "Ogletree." Because the initial pleading in this case, the petition for habeas corpus relief, lists appellant's name as "Ogletree," we will adopt this spelling of the name.