[Cite as *State ex rel. Ogletree v. Bradshaw*, 2013-Ohio-1137.]

IN THE COURT OF APPEALS
FIFTH APPELLATE DISTRICT
RICHLAND COUNTY, OHIO

| | | |
|---|---|---|
| State of Ohio ex rel. | : | JUDGES: |
| WILLIE OGLETREE, JR. | : | |
| | : | |
| Petitioner | : | Hon., Patricia A. Delaney P.J. |
| | : | Hon., Sheila G. Farmer J. |
| -vs- | : | Hon., John W. Wise J. |
| | : | |
| MARGARET BRADSHAW, Warden, | : | CASE NO. 12CA51 |
| Richland Correctional Institution | : | |
| | : | |
| | : | |
| | : | |
| Respondent | : | |
| | : | OPINION |

CHARACTER OF PROCEEDING:      Writ of Habeas Corpus

JUDGMENT:      WRIT DISMISSED

DATE OF JUDGMENT ENTRY:      March 18, 2013

APPEARANCES:

For Petitioner:

Willie Ogletree, Jr. (Pro Se)
Inmate No. 406823
Richland Correctional Institution
1001 Olivesburg Road
Mansfield, OH  44901

For Respondent:

Maura O'Neill Jaite
Sr. Assistant Attorney General
Ohio Attorney's General Office
Criminal Justice Section
150 East Gay Street, 16th Floor
Columbus, OH  43215

Delaney, P.J.

{¶1}   Inmate-petitioner, Willie Ogletree, Jr. ["Ogletree"], has filed a Petition for Writ of Habeas Corpus. Respondent is the warden of the Richland Correctional institution (RiCI) in Mansfield, Richland County, Ohio

*FACTS AND PROCEDURAL HISTORY*

{¶2}   Ogletree[1] is state prisoner number #406-823 at RiCI. Respondent Bradshaw is the warden at that institution. As the RiCI Warden, Respondent Bradshaw maintains custody of Ogletree pursuant to judgments of conviction and sentences. See, *State v. Ogletree,* 8th District No*.* 79882, 2002-Ohio-4070. ["*Ogletree I*'].

{¶3}   In Cuyahoga County Common Pleas Court Case No. CR-01-401639, Ogletree was found guilty after a jury trial of two first-degree felony Aggravated Robbery charges with 1-year firearm, 3-year firearm, and repeat violent offender specifications; two first-degree felony Kidnapping charges with 1-year firearm, 3-year firearm and repeat violent offender specifications and one third-degree felony Having Weapons Under Disability charge with a 1-year firearm specification.[2] *Ogletree I,* ¶1.

{¶4}   By journal entry filed May 29, 2001, the trial court sentenced appellant to a total aggregate term of thirty-five years in prison.

---

[1] There is a discrepancy as to the correct spelling of appellant's last name. In previous filings, the spelling is "Ogaltree." On the trial court's judgment entry and the jacket of the case file, it is spelled "Ogletree." Because the initial pleading in this case, the petition for habeas corpus relief, lists petitioner's name as "Ogletree," we will adopt this spelling of the name.

[2] We note that the trial court's Journal Entry of sentencing filed May 29, 2001, as well as the respondent's' brief in this matter, incorrectly state that Ogletree "Plead Guilty" to the charges.

{¶5} Specifically, the trial courts sentencing entry stated, in relevant part, as follows,

* * *

1 YEAR FIREARM SPECS MERGE WITH 3 YEAR FIREARM SPECS FOR SENTENCING. THE COURT IMPOSES A PRISON TERM AT LORAIN CORRECTIONAL INSTITUTION OF 5 YEARS ON FIREARM SPECS TO RUN PRIOR TO AND CONSECUTIVE WITH 8 YEARS ON BASE CHARGE ON EACH OF COUNTS 1, 2, 5 AND 6; 3 YEARS ON COUNT 7, COUNTS TO RUN CONCURRENT WITH EACH OTHER FOR A TOTAL CONFINEMENT OF 35 YEARS

DEFENDANT TO RECEIVE 172 DAYS JAIL TIME CREDIT, TO DATE.

* * *

*State v. Ogletree*, Cuyahoga Common Pleas, Case No. CR 401639, Journal Entry, filed May 29, 2001[State's Exhibit A]. His convictions were affirmed on appeal. *Ogletree I.*

{¶6} Subsequently, Ogletree filed several post-conviction relief motions in the trial court. On October 27, 2005, Ogletree filed a motion to merge allied offenses of similar import which the trial court denied finding that there was sufficient evidence of a separate animus as to each of the two victims for the crimes of Aggravated Robbery

and Kidnapping. Ogletree also filed a motion for resentencing and alternative relief and a motion to void judgment on October 27, 2010, both which the trial court denied under res judicata by Journal Entry filed November 29, 2010.

{¶7} On January 10, 2011, Ogletree filed a petition for relief after judgment pursuant to R.C. 5145.01. On January 14, 2011, Ogletree filed a motion to void judgment. By separate journal entries filed October 3, 2011, the trial court denied Ogletree's petition and motion.

{¶8} On November 29, 2011, Ogletree filed a motion in the trial court to correct sentencing. The trial court granted the motion in part and on April 23, 2012, resentenced Ogletree solely to properly impose post-release control in accordance with *State v. Fisher*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. The trial court denied Ogletree's pre-hearing oral motions and specifically ordered that the "sentence previously imposed by Judge Boyko is undisturbed." (Exhibit G) On May 16, 2012, Ogletree filed an appeal notice in *State v. Ogletree,* 8th District No. CA-12-098369. The Court of Appeals sua sponte dismissed Ogletree's appeal on July 12, 2012 because Ogletree failed to file the trial court record. (Exhibit H).

{¶9} Ogletree previously filed a R.C. Chapter 2725 habeas action. *See*, *Willie Ogletree, Jr. v. Margaret Bradshaw, Warden*, 5th District No. 04CA68, 2004-Ohio-7100 ["*Ogletree II"*]. Ogletree did not raise any relief claims pertaining to the imposed sentence, the calculated aggregate sentence or any other sentencing entry errors. The common pleas court subsequently denied Ogletree's habeas petition and this Court affirmed the denial. *Ogletree II.*

{¶10} Ogletree also filed a federal petition for a writ of corpus in U.S. District Court for the Northern District of Ohio Case. See, *Willie Ogletree Jr. v. Margaret Bradshaw, Warden, N.D.Ohio* No.1:03CV2291 (Jan. 28, 2005) [Exhibit F]. Ogletree did not raise any federal constitutional claims related to his sentence, sentence calculation or sentencing entry in that petition. The federal court subsequently dismissed Ogletree's habeas petition because the state court proceedings did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law; the state court decisions were not based on an unreasonable determination of facts and no constitutional violation had been presented. (Exhibit F).

{¶11} On July 6, 2012, Ogletree filed the instant petition for a writ of habeas corpus.

*The Petition*

{¶12} In his petition, Ogletree argues that his aggregate sentence was only 11 years and that his sentence expired May 29, 2012. Specifically, Ogletree contends that pursuant to the trial court's journal entry, the one-year firearm specifications were ordered to merge with the three-year firearm specifications and all three-year firearm specifications were ordered to run concurrent to each other, but consecutive to the base charge. All counts were ordered to run concurrent to each other. The maximum sentence for all counts running concurrent to each other but consecutive to the three (3) year firearm specifications is *eleven* (11) years. (Emphasis sic.)

*State's Argument*

{¶13} The state contends that Ogletree's claim ignores the fact that he was sentenced for 9 separate specifications and that it was mandatory for the trial court to impose separate, 3-year, prior and consecutive sentences for each specification pursuant to R.C. 2929.14(B)(1)(a)(ii). Accordingly, the state asserts that we should dismiss the petition pursuant to Civ.R. 12(B)(6) or Civ.R. 56 for failure to state a claim or raise a materiel issue of fact.

*Analysis*

{¶14} The Supreme Court has addressed the propriety of a Civ.R.12(B)(6) motion in a habeas action. "'R.C. Chapter 2725 prescribes a basic, summary procedure for bringing a habeas corpus action.'" *Waites v. Gansheimer,* 110 Ohio St.3d 250, 2006–Ohio–4358, 852 N.E.2d 1204, ¶ 8, *quoting Chari v. Vore*, 91 Ohio St.3d 323, 327, 744 N.E.2d 763(2001). "First, application is by petition that contains certain information. R.C. 2725.04. Then, if the court decides that the petition states a facially valid claim, it must allow the writ. R.C. 2725.06. Conversely, if the petition states a claim for which habeas corpus relief cannot be granted, the court should not allow the writ and should dismiss the petition." *Pegan v. Crawmer*, 73 Ohio St.3d 607, 609, 653 N.E.2d 659(1995).

*Accord*, *State ex rel. Sneed v. Anderson,* 114 Ohio St.3d 11, 11–12, 2007–Ohio–2454, 866 N.E.2d 1084, 1085.

{¶15} At the outset, we note Ogletree has or had adequate remedies at law by appeal or post conviction relief to review the alleged sentencing error. *State ex rel. Roberts v. Knab,* 131 Ohio St.3d 60, 2012-Ohio-56, 96 N.E.2d 457, ¶2*; State ex rel. Massie v. Rogers*, 77 Ohio St.3d 449, 450, 674 N.E.2d 1383, 1383(1997). Sentencing errors are not jurisdictional and are not cognizable in habeas corpus. *Id.; Accord*, *Majoros v. Collins*, 64 Ohio St.3d 442, 443, 596 N.E.2d 1038, 1039(1992); *Childers v. Wingard*, 83 Ohio St.3d 427, 428, 1998-Ohio-27, 700 N.E.2d 588. Ogletree's claim that his sentence was improperly calculated is a claim that is addressable on direct appeal or by post conviction relief and thus not cognizable in a petition for habeas corpus. *Richards v. Eberlin*, 7th Dist. No. 04-BE-1, 2004-Ohio-2636, ¶8. Where a Petitioner possessed the adequate legal remedies of appeal and post-conviction to challenge his sentencing, a petition for habeas corpus may properly be dismissed. See *State ex rel. Massie v. Rogers*, 77 Ohio St.3d at 450.

{¶16} Additionally, *res judicata* barred Ogletree from filing successive habeas corpus petitions. *State ex rel. Brantley v. Ghee*, 80 Ohio St.3d 287, 288, 685 N.E.2d 1243, 1244(1997). Ogletree's previous habeas corpus petition had been denied by the trial court. We affirmed the dismissal of Ogletree's petition. See *State ex rel. Harsh v. Sheets,* 132 Ohio St.3d 198, 2012-Ohio-2368, 970 N.E.2d 926, ¶2; *State ex rel.*

*Brantley v. Ghee*, 80 Ohio St.3d 287, 288, 685 N.E.2d 1243, 1244(1997); *Childers v. Wingard.*

{¶17} Accordingly, because Ogletree possessed adequate legal remedies for the alleged sentencing error in form of appeal or post conviction relief, and because he either raised or could have raised his claims in the previous petitions, we dismiss the petition of Willie Ogletree, Jr. for a writ of habeas corpus.

{¶18} PETITION FOR HABEAS CORPUS DISMISSED

{¶19} COSTS TO PETITIONER.

By: Delaney, P.J.
Farmer, J. and
Wise, J. concur

_____
HON. PATRICIA A. DELANEY

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS
FIFTH APPELLATE DISTRICT
RICHLAND COUNTY, OHIO

| State of Ohio ex rel. | : | |
| WILLIE OGLETREE, JR. | : | |
| | : | CASE NO. 12CA51 |
| Petitioner | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MARGARET BRADSHAW, Warden, | : | |
| Richland Correctional Institution | : | |
| | : | |
| | : | |
| Respondent | : | |
| | : | |

For the reasons stated in the Memorandum-Opinion on file, Petitioner's

writ of Habeas Corpus is hereby dismissed.  Costs taxes to Petitioner.

_____
HON. PATRICIA A. DELANEY

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE